## The First National Bank of Wellsborough *versus* Bache.

1. Bache employed Spicer to take timber from Bache's land, to allow Bache one cent per foot, he to have a lien on the timber for the payment; Spicer took the timber, sold it, and received a note for it in his own name; it was collected by a bank; Bache gave the bank notice that the proceeds were his, and not to pay to Spicer, and indemnified it. The bank paid Spicer. *Held*, that Bache could recover the amount with interest.

2. The lumber being Bache's, the fund was his, and could be followed through any transmutations so long as it could be identified.

3. Where notice with indemnity is given to a bank not to pay money to a depositor, the payment is at the bank's risk.

4. Farmers' and Mechanics' Bank v. King, 7 P. F. Smith 202, adopted.

March 11th 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Tioga county*: No. 407, to January Term 1871.

This was an action of assumpsit, brought August 28th 1869, by John N. Bache against The First National Bank of Wellsborough.

The case was referred to Samuel F. Wilson, Esq., under Act of February 23d 1870 (Pamph. L. 219), authorizing the reference of civil cases to a single referee, to be tried as before a court and jury.

The facts of the case will be found in the report of the referee, viz. :—

" On the 20th day of June, A. D. 1868, an agreement was entered into between John N. Bache, the plaintiff, and Foster Spicer, by which the latter was to get out and raft into Pine Creek a raft of hemlock square-timber from the lands of John N. Bache and allow said Bache one cent per cubic foot therefor, and Bache to have a lien on the timber until paid.

" That in pursuance of this agreement Spicer got out and rafted, &c., * * * a quantity of timber, the property of Bache, the hauling to be paid for by John N. Bache.

" Without any authority from John N. Bache, Spicer on or about the 3d day of November 1868, ran said raft and shingles to Williamsport, and sold the raft, &c., in bulk to Elias Deemer & Co., as his own property, for the sum of $200, and received therefor Elias Deemer & Co.'s check on Lumberman's National Bank at Williamsport for $50, dated November 4th 1868, and Elias Deemer & Co.'s note for $150, same date, payable to F M. Spicer or order 15 days after date at same bank. The note was endorsed by F. M. Spicer and placed by him in the First National Bank of Wellsborough, the defendant, for collection, before said note fell due ; it was collected at maturity and placed to the credit in said bank of F. M. Spicer.

" Before the said note was paid and after the the money was received by the First National Bank of Wellsborough, John N. Bache, the plaintiff, notified the said bank that the note was his property, and forbade the cashier of said bank to pay the said note or the money received on it to Spicer ; but afterwards consented that $50 thereof might be paid to Spicer, which was done. That on the 30th day of November 1868, whilst $99.25 of the money received on said note remained to the credit of said Spicer on the books of said bank, said bank took indemnity from John N. Bache in the sum of $100, and costs that might accrue to secure the bank against Spicer's claim to said money, and also at or near the same time took indemnity for the same from Spicer, as security against John N. Bache's claim, and paid said money, $99.25, to Spicer and refused to pay the same or any part thereof to John N. Bache.

" The value of the timber at Williamsport, at the time and place

of sale by Spicer, was * * * $338.  Of this sum Bache would have been entitled to $182 as his share. * * *

" The same being reduced on the above basis to the price sold for, viz. $200, Bache's share would be $107.68."

The plaintiff's points were :—

1.  Equity will follow a fund through any number of transmutations, and preserve it for the owner, so long as it can be identified, no matter in whose name the legal right stands.

2.  When an agent or trustee mingles his principal's money with his own by taking a note for the amount of both, and deposits the same in a bank for collection, the principal may claim from the admixture the sum which belonged to him.

3.  If the principal has asserted his right to the money before the bank has paid it over to the agent or trustee, and given notice to the bank not to pay it over, the right of the agent or trustee ceases, and the bank becomes liable.

The plaintiff's 5th point was :—

If a third party takes possession of and sells the property of another, although not an agent at the time, the owner of the property may adopt the sale, not reclaim the property, and follow the fund through any number of transmutations, provided it· can be identified, or if mixed with the property of the seller, he may claim from the admixture which belongs to the seller.

The defendant's points were :—

1.  If the referee finds as a matter of fact that Foster M. Spicer had no authority from the plaintiff to sell the shingles claimed by him, and that the said Spicer avowedly sold the timber and shingles in a lump, for himself, and as his own property, the plaintiff could not, by virtue of his interest in said shingles, ratify the lumping sale so made by Spicer, so as to acquire an unascertained interest in the specific property received by Spicer for such sale.

2.  If Foster M. Spicer and the plaintiff each had, as between themselves, an unliquidated and disputed interest in the note drawn payable to said Spicer's order, and by him deposited in his own name with the defendant for collection, and the referee cannot determine by calculation, but must determine the interest of each from the opinions of witnesses as to the proportionate value each had in the property sold by said Spicer in the lump, the plaintiff cannot recover in this action, but must be remitted to his action against Spicer.

3.  The plaintiff is not entitled to recover interest.

As his conclusions of law the referee reported :—* * *

" The plaintiff's 5th point is affirmed with the qualification of the last clause, that the owner may claim from the admixture of money, a sum equal to that for which the property sold.

" The points presented by the defendant are ruled in the negative.

[First National Bank *v.* Bache.]

" The referee's further and final conclusion of law as applicable to the foregoing facts as stated in this case is that the plaintiff is entitled to recover in this suit ninety-nine dollars and twenty-five cents, the amount of money credited to Foster M. Spicer on the books of the defendant, realized from the note of Elias Deemer & Co., bearing date November 4th 1868, together with interest on the same from November 30th 1868. I therefore find in favor of John N. Bache, the plaintiff, and give judgment in his favor for the sum of one hundred and twelve dollars and forty-eight cents and costs against the First National Bank of Wellsborough, the defendant.

" February 22d 1871."

On removal of the record to the Supreme Court, the defendant assigned for error the rulings of law by the referee.

*M. F. Elliott* (with whom was *J. H. Bosard*), for plaintiff in error.

*H. Sherwood,* for defendant in error.

The opinion of the court was delivered, May 13th 1872, by

THOMPSON, C. J.—The referee having found on competent testimony that the timber from which the money in dispute was derived was the property of the plaintiff below, the law was clear that after notice of this fact to the bank, and indemnity, if it paid it over to the depositor, it would be at its own risk. As the property itself was a trust for the benefit of its owner, so necessarily became the fund, and it could be followed through any number of transmutations by the owner while ever it could be identified. The bank would, of course, be entirely justified in paying to a depositor money standing to his credit, if not notified that it belonged to another, and with notice not to pay it on his check. But where such notice is given, the bank will pay to the depositor at its own risk: Farmers' & Mechanics' Bank *v.* King, 7 P. F. Smith 202. This case fully sustains the rulings of the referee on the law of this case.

Judgment affirmed.