SIDNEY SCH. FURNITURE CO. v. WARSAW SCH. DISTRICT.

ERROR TO THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY.

Argued October 2, 1888—Decided October 29, 1888.

1. Whenever an agent does an act, representing his principal, what he does or says in respect of the act while it is in progress, is so far part of the res gestæ as to be subsequently admissible in evidence in behalf of either party.
2. So, whenever an agent's acts are admissible, his accompanying declarations explanatory of the acts are also admissible in evidence, and it is not necessary that he himself be called to prove such declarations.
3. There is in every case triable by jury a preliminary question of law for the court, whether or not there is any evidence from which the fact sought to be proved may fairly be inferred; if there is, it is sufficient to send the case to the jury, no matter how strong may be the proofs to the contrary.

4. In an action to recover for school furniture sold upon a contract with a board of school directors, having a notice attached that no agent was allowed to receive payment or settle bills unless he could show written authority, the plaintiff proved the execution of the contract and that it was authorized by the board, the shipment of the goods according to the terms thereof, and that on demand for settlement upon the secretary of the board the latter stated that the contract had been rescinded by the board and they would not receive the goods. In such case it was error to enter judgment of compulsory nonsuit.

Before GORDON, C. J., PAXSON, STERRETT, CLARK, WILLIAMS and HAND, JJ.; GREEN, J., absent.

No. 7 October Term 1888, Sup. Ct.: court below, No. 403 September Term 1885, C. P.

On September 1, 1885, The Sidney School Furniture Co., of Sidney, Ohio, brought assumpsit against The School District of Warsaw township, to recover upon a contract for the sale and delivery of school furniture. The pleas filed were, non assumpsit, payment with leave, etc.

At the trial on February 9, 1886, there was a verdict for the defendant, reversed, however, with a venire de novo, upon a writ of error to No. 135 October Term, 1886; Sidney Sch. Furn. Co. v. Warsaw Sch. D., 5 Cent. R. 306.

At a second trial on May 17, 1887, the plaintiff proved a contract dated July 25, 1885, between the plaintiff and the defendant, by which the plaintiff agreed to deliver "on cars at factory, in knock down form," certain described school furniture, "to be shipped on or about August 10, 1885," to Mr. S. W. Temple, at Brockwayville station, on Rochester & Clearfield Railroad, for $985.81, to be paid for in school orders or bonds payable at different dates with interest. The contract was executed on the part of the defendant district by G. H. Hilliard, president, and attested by S. W. Temple, secretary. A special notice was attached, that "all bills must be settled with us: no agent is allowed to receive payment nor settle any bills unless he can show written authority from us:" signed by the defendant company.

The plaintiff followed with proof of the minutes of the school board, authorizing said contract; that the furniture ordered was shipped as required thereby, and that a demand was made for settlement and payment to S. W. Temple by H. M.

Sweet, the agent by whom the contract was negotiated. Mr. Sweet testified that when he made demand to Mr. Temple, the latter admitted that the furniture had been delivered at Brockwayville, but refused to turn over the orders or bonds, and, exhibiting the minutes, told witness that by the action of the board the contract had been rescinded, and they would not receive the goods. The testimony is more fully stated in the Opinion of the Court.

When the plaintiff rested, the defendant moved that a compulsory nonsuit be ordered; "The plaintiff has simply shown a conversation with Mr. Temple, and demand of Mr. Temple. By the terms of the contract, the plaintiff could not maintain this suit, at the time it was brought, unless it showed more. Mr. Temple is not the defendant."

The motion was allowed.

The plaintiff then moved that the judgment of nonsuit be set aside, and on September 12, 1887, the court, WILSON, P. J., filed an opinion which, after quoting the contract put in evidence, proceeded:

This was supplemented by the testimony of John Loughlin, proprietor of the plaintiff company, who, inter alia, testified that the furniture described in this contract was shipped about July 6, 1885, and by that of the station agent of the Pittsburgh, Buffalo & Rochester railroad, who testified that the wood part of the seats was received at Brockwayville station on August 16, 1885, and that the irons did not come on that road. A portion of the minutes of the school board of defendant district was received in evidence, showing the proceedings of the board at a meeting held on July 25th, at which Mr. H. M. Sweet, the plaintiff's agent, was present; and it was proved that on August 26th the agent called on S. W. Temple, secretary of the school board, and demanded a settlement and payment for the goods alleged to have been delivered pursuant to contract. Upon this testimony the plaintiff relied for a recovery of his claim in suit.

The defendant contended there was not sufficient proof to be submitted by the court to the jury, because: (1) The undisputed fact was that the furniture was shipped on or about July 6, 1885, which was before any contract was made.

(2) That only the wood part of the furniture arrived, and that none of it was removed by defendant. (3) That no demand was made on the school board for settlement. (4) That the agent, Sweet, did not show any authority to receive payment or settle bills as required by the special notice in the contract. The question is, therefore, distinctly raised and must be decided upon an affirmative or negative interpretation of the reasons assigned in the motion before the court, and involves the doctrine of the "scintilla of evidence."

\* \* \* \* \* \* \* \*

This brings us to the question for determination, whether the judgment of nonsuit entered in this case, shall be sustained or set aside. Was the evidence in this case sufficient to justify the jury, if submitted to them, in finding for the plaintiff, or would the court have set aside their verdict?

In considering the proof submitted, it may be well to observe that the omission of the plaintiff to show that the furniture was shipped on or about August 10, 1885, and that it was all shipped in proper order, with all the essential appliances belonging thereto and necessary for the purpose for which it was to be used, and ready to be received, and that demand for settlement was made on the defendant at the regular meeting, the time of which, to wit, August 29, 1885, was known to the plaintiff's agent who sold the goods, and that he showed the written authority to make the settlement referred to in the conversation with Mr. S. W. Temple, was important. It was within the power of the plaintiff to offer such evidence; and if the school furniture was shipped by plaintiff and received by defendant, or refused, the proper thing was to show demand and refusal by the action of the school board, by inspection of the record of the school minutes which was in court during the trial. Why these facts were not presented has not been explained. Their omission certainly did not escape the vigilance and action of the defendant's counsel, and they were absolutely necessary to sustain the issue on the part of the plaintiff. We are loth to deprive the plaintiff of what it alleges are its legal rights, but we are to deal with the question involved in the way and manner presented, and under the legal rights of the defendant and its objections made on the trial, and tested by the legal doctrines hereinbefore expressed. We

are, therefore, of the opinion that plaintiff gave no such evidence as in law was sufficient to sustain its action, and the rule granted is discharged, with costs, and final judgment entered for defendant.

The plaintiff then took this writ and assigned as error the refusal of the court to set aside the compulsory judgment of nonsuit entered.

*Mr. Alexander C. White*, for the plaintiff in error:

1. Upon a motion for a nonsuit the rule is that the plaintiff is entitled to the benefit of every inference of fact which the jury might draw from the evidence, the defendant being considered as admitting every fact which the evidence tends to prove: Smyth v. Craig, 3 W. & S. 14; Bevan v. Insurance Co., 9 W. & S. 187; Elkins v. Insurance Co., 113 Pa. 386; Berg v. Abbott, 83 Pa. 177; and where there is any evidence which would justify any inference of the disputed fact, it must go to the jury: Howard Exp. Co. v. Wile, 64 Pa. 201; Miller v. Bealer, 100 Pa. 583.

2. The sense of words used in connection with what the parties intended to express by them, is exclusively for the jury to determine. The judge may not put a legal interpretation on oral language and make it a matter of positive direction. It is the province of the court to expound the meaning of an instrument, but not of words uttered of which there can be no tenor: McFarland v. Newman, 9 W. 55; Brubaker v. Okeson, 36 Pa. 519; Maynes v. Atwater, 88 Pa. 496.

3. The plaintiff proved the contract, the shipment of the goods in accordance with it, that settlement and payment according to the contract had been demanded of S. W. Temple, the secretary of the board, and the refusal thereof, and that defendant had repudiated the contract and had even purchased other school furniture and was placing the same when demand was made.

*Mr. B. J. Reid* (with him *Mr. E. H. Clark*), for the defendant in error:

The alleged declarations of Mr. Temple to Mr. Sweet, on August 26, 1885, were but a narrative of past transactions, and

could not affect the defendant. They related to an alleged meeting of the school board and the alleged arrival of the furniture, both occurring, according to plaintiff's theory of the case, about twenty days before the interview. They were not only not the best evidence of the supposed facts, but were no evidence whatever to affect the defendant: Penn. R. Co. v. Books, 57 Pa. 339; Fawcett v. Bigley, 59 Pa. 411; Bigley v. Williams, 80 Pa. 107; Shaffer v. Haish, 110 Pa. 575–6. In the first named of these cases, the declarations of the flagman made after an accident, as to how far he had gone back to flag the train, were held no evidence of the fact, and the declarations of the vice-president of the road were also held no evidence against his company, for the reason that " declarations by officers of a corporation rest upon the same principles as apply to other agents."

OPINION, MR. JUSTICE CLARK:

At the trial of this case, in the court below, the plaintiffs first gave in evidence the contract, dated July 25, 1885, upon which the suit is brought. By the terms of this contract, the plaintiffs agreed to sell to the defendant a certain quantity and kind of school furniture of their own manufacture, to be delivered on board the cars at the factory, " in knock down form," and shipped on or about August 10, 1885, to Mr. S. W. Temple, secretary of the board of school directors at Brockwayville station, etc. The price which was $985.81, was payable on the arrival of the furniture at the place named, in school orders or bonds, bearing six per cent interest from October 1, 1885, until paid for, and to become due on the following dates: $196.80, Oct. 1, 1885; $277.36, Oct. 1, 1886; $262.50, Oct. 1, 1887; and $249.15, Oct. 1, 1888. They then offered the minutes of the board of school directors of Warsaw township, showing the purchase of the furniture by the board, and authorizing the execution of the contract. Mr. John Loughlin testified to the shipping of the furniture on the 6th of July, 1885. That he was mistaken as to the month is manifest, as the contract was not made until the 25th of July; he may have meant to say 6th of August, but no correction was made. There was some testimony by G. W. Brown, as to the arrival of part of the furniture at Brockwayville on the 16th of August. The

plaintiffs then called H. M. Sweet, the plaintiffs' agent, by whom the contract was originally made on part of the plaintiffs; he stated that he had called upon Mr. Temple, the secretary of the board, on August 26, 1885, for the purpose of making a settlement; that he demanded the school orders provided for in the contract, but Mr. Temple, admitting that the desks had been delivered at Brockwayville, said the board would not receive them; that the board had rescinded the contract; that it was not worth while for Sweet to see any of the other directors, as they did not intend to, and would not, accept the goods, and the school orders would not be delivered.

The plaintiffs having made out what they thought to be a prima facie case, rested; thereupon the court entered a compulsory nonsuit and subsequently refused to take it off; this is the error assigned.

It is contended on part of the defendant, first, that there was not sufficient evidence to justify a jury in inferring the fact of a delivery of the goods, in accordance with the contract; second, that there was no evidence of Sweet's authority to demand a settlement, or to receive payment if there had been a delivery; and third, that if he had such authority, the demand should have been made of the board, and not of the secretary. This contention on part of the defendant cannot be sustained. Mr. Temple was not only the secretary of the school board, he was the person to whom, by the terms of the agreement, the furniture was to be shipped and delivered; his acts and declarations, with respect to the delivery, were therefore the acts and declarations of the board; for in this he represented the board. Whenever an agent performs an act representing his principal, what he does or says in respect of the act while it is in progress, is so far part of the res gestæ as to be subsequently admissible in evidence on behalf of either party, and whenever the agent's acts are admissible, then his declarations explanatory of these acts are also admissible; it is not necessary that he himself be called to prove them: Whar. Ev. § 1173; 1 Greenleaf Ev. 113; Hannay v. Stewart, 6 W. 487; Reed v. Dick, 8 W. 479.

When confronted by the plaintiffs' agent, Temple refused to accept the furniture, and what he said and did at the time of the refusal was part of the res gestæ; they were acts and dec-

larations in the course of the business specially intrusted to him, and as such were evidence against his principals. His declarations were admissible, not so much perhaps for what he said as what he did; what he said shed light upon what he did, and we are thus enabled to scrutinize his acts according to his real intention. From what he said we know that the refusal to accept the goods was not because a part only had been delivered, for he admitted the delivery at Brockwayville; he made no objection on that account; this was not the admission of a past occurrence, it was the statement of an existing fact, viz.: that the desks were then in fact at Brockwayville, but the board through him refused to accept them. Nor was the refusal to settle with Sweet because of any want of authority in him from the Sidney School Furniture Co.; the reason assigned was, that the contract was rescinded, and the goods, upon that ground, would not be accepted. Under such circumstances it was not necessary for Sweet to exhibit his authority; non constat if the board had been willing to close the matter, that his authority would not have appeared.

Nor was it required of the plaintiffs that the demand for settlement should be made upon the board of school directors, as such; for it was not in the plaintiffs' power to convene the board, and they were certainly not bound to await the convenience or willingness of the school directors to assemble for this purpose; especially was this so if the board had already declined to accept the goods and refused to pay the price.

It is certainly true, as stated in the opinion of the learned judge of the court below, that the old scintilla doctrine has been long since exploded; the more reasonable rule is now, as stated by Mr. Justice SHARSWOOD in Howard Exp. Co. v. Wile, 64 Pa. 201, that where there is any evidence, which alone would justify an inference of a disputed fact, it must go to the jury. There is in every case triable by jury a preliminary question of law for the court, whether or not there is any evidence from which the fact sought to be proved may be fairly inferred; if there is, that is sufficient to send the case to the jury, no matter how strong may be the proofs to the contrary. It is unnecessary to cite authorities in support of a principle so plain; this is the doctrine now generally recognized, not only in the courts of this and the sister states, but also in the

Federal and English courts. In determining the sufficiency of the evidence, the court must of course take it as true, with every reasonable inference favorable to him who has the burden of proof: Blakeslee v. Scott, 37 Leg. Int. 474.

In this case the execution of the contract was admitted; that it was authorized by the board was shown by their minutes, and it was read in evidence; the secretary of the board to whom the delivery was to be made admitting that the desks were delivered at the place agreed upon, asserted that the agreement had been repudiated by the board, refused to receive the goods, and to pay the price. Certainly this presented a case for the jury. We think the court erred in not taking off the nonsuit.

> The judgment is therefore reversed, and a venire facias de novo awarded.

