BURKE et al. v. PIERCE et al.

(Circuit Court of Appeals, Third Circuit. October 29, 1897.)

No. 33.

1. LANDLORD AND TENANT—COVENANT TO REPAIR—MEASURE OF DAMAGES.

A lease contained a covenant by the lessee that upon the termination thereof he would deliver up certain parts of the property "in as good repair as the same now are, or to pay to" the lessor "a sum sufficient to put said parts in such repair." In an action for damages for a breach, *held*, that the landlord was entitled to a sum sufficient to make the repairs stipulated for, and that, if this could only be done by the use of new materials, no deduction should be allowed the tenant on that account, and that in such case the landlord would not be restricted to the difference between the value of the property when received by the tenant and its value when surrendered.

2. SAME—AGREEMENT TO ARBITRATE.

A lease contained a provision that if the parties could not, at the termination of the lease, agree upon the condition of the property, or the sum to be paid by the lessee under his covenant to surrender the premises in good repair, or to pay a sufficient sum to make repairs, they should submit the dispute to arbitrators, and be bound by their finding. In an action by the lessor for damages for a breach, *held*, that this clause afforded no defense, it never having been acted on by the parties.

3. EVIDENCE—VALUE—ORIGINAL COST.

Evidence of the original cost of an article is relevant upon the question of its value at a subsequent period.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

This was an action at law by Walter, Frank, and James B. Pierce against Stevenson Burke, James Corrigan, and Price McKinney, trading as Corrigan, McKinney & Company, to recover damages for breach of a covenant to repair, contained in a lease. In the circuit court a judgment was given for plaintiffs, and the defendants sued out this writ of error.

Samuel S. Mehard, for plaintiffs in error.

A. M. Imbrie and Q. A. Gordon, for defendants in error.

Before DALLAS, Circuit Judge, and BUTLER and KIRKPATRICK, District Judges.

BUTLER, District Judge. The suit is for damages for breach of covenant to repair, in a lease, which reads as follows:

"The said parties of the second part covenant and agree to keep the furnace, tools, machinery and other property hereby demised and let, in good order and repair during the continuance of this lease, and at its termination, whether by limitation of time or otherwise, to deliver the same to said parties of the first part in as good order and repair as the same now are, ordinary wear and tear and accidents by fire, wind or lightning excepted. The provisions of this clause as to ordinary wear and tear shall not apply to the hearth, bosh, bottom lining or hot blasts of the furnace, but the said parties of the second part agree to keep these parts of the furnace in good working repair, and return the same to the parties of the first part at the termination of the lease, whether by limitation of time or otherwise, in as good repair as the same now are, or to pay to said parties of the first part a sum sufficient to put said parts in such repair."

The court charged substantially "that the measure of damages was the amount required to put the hearth, bosh, bottom lining and hot

blasts of the furnace in the state of repair stipulated in the lease; and that while, in ascertaining the damages for the breach, regard was to be had to the character and condition and state of repair of the designated parts as they existed at the date of the lease, yet if the agreed repairs could not be made without the use of new materials no allowance was to be made to the defendants on account of new materials, but the defendants were liable to the plaintiffs for a sum sufficient to construct these deficient parts anew if the stipulated repairs could not otherwise be made"; and refused to charge as the defendants requested "that the measure of damages was the difference between the value of such part or parts in the state in which they were when plaintiffs gave possession thereof to the defendants, and their value in the state in which they were when defendants surrendered possession thereof to the plaintiffs."

The lease further provides as follows:

"In case the parties hereto cannot agree on the condition of the hearth, bosh, bottom, lining or hot blasts of the furnace at the termination of these presents, or cannot agree on the amount, or sum to be paid by said parties of the second part to said parties of the first part to put the said parts of the furnace in repair as above provided, such matters in dispute shall be referred to three arbitrators, one to be designated by each of the parties hereto, and the third by the two so chosen as aforesaid, and the finding of any two of such arbitrators shall be final and binding on the parties. In case either of the said parties neglects or refuses to appoint an arbitrator as above provided after receiving five days' notice so to do from the other parties of their desire for the appointment of such arbitrators then the parties giving such notice may appoint two arbitrators, and the two so chosen shall appoint the third, and the finding of any two of the arbitrators so chosen shall be final and binding on the parties. In case the two arbitrators chosen as aforesaid neglect or fail to agree on a third arbitrator within five days of their appointment, either of the parties hereto may petition the president judge of the court of common pleas of Mercer county, Pa., to make such appointment, and the said judge is hereby authorized to make such appointment, and the finding of a board of arbitrators so chosen, or any two of them, shall be final and binding. The said arbitrators shall meet in Sharpsville, Pa., within ten days of their appointment and shall make award in writing within 30 days of said meeting."

As respects this latter provision the court charged as follows:

"There was a clause in this contract looking towards arbitration, but it was not acted upon, and at any rate it was a revocable provision; it did not preclude the parties from coming into the ordinary courts of justice for the determination of their rights."

The defendants excepted to the charge, and assigned the matters involved, as well as the admission of the testimony of Mr. Pierce, received under exception, as errors. While the assignments are numerous they embrace no more than is stated above.

The measure of damages for breach of similar covenants has been much discussed by text writers, and frequently considered by the courts. The general rule established appears to be that the landlord is entitled to a sum sufficient to make the repairs stipulated for, and that where this can only be done by the use of new materials no deduction is allowed the tenant on that account. If he is thus required to pay more than seems equitable, it results from the terms of his covenant, and he cannot therefore complain. If he had complied with these terms, he must have supplied the new materials at his

own cost, and having failed to do this the landlord must be allowed the cost of doing what he should have done. 3 Sedg. Dam. (8th Ed.) § 990; Watriss v. Bank, 130 Mass. 343; Cooke v. England, 27 Md. 14. Where rebuilding is made necessary, not by usual wear and tear, but by some unexpected cause, such for instance, as fire, the courts seem to have struggled to relieve the tenant from the literal terms of his covenant to repair, as appears in Yates v. Dunster, 11 Exch. 15, and some other cases; and these cases appear to have established an exception to the general rule above stated. In the case before us the question is freer of difficulty than in most instances where it has arisen. The covenant is unusually particular and conclusive in its terms, and specifies clearly the measure of compensation for the tenant's failure. The landlord is not to have simply what might equal the value of the property at the time specified, as the defendants contend he should accept, but a sum sufficient to restore the property. The tenant's duty is stated alternatively. He is to return the property in as good condition as it was at the date specified, or to pay a sum sufficient to restore it to that condition. As he failed so to return it, and the property could only be restored to the required condition by the use of new materials the cost of such materials is necessarily covered by the language.

The circuit court was right also in holding that the arbitration clause affords no defense to the action. Hamilton v. Insurance Co., 137 U. S. 370 [11 Sup. Ct. 133]; Assurance Co. v. Hocking, 115 Pa. St. 407 [8 Atl. 589].

The testimony of Mr. Pierce was properly admitted. The original cost of the seal was a proper element in estimating its value at the time in question. Such testimony is usually heard in considering such questions.

The judgment is therefore affirmed.