# Dixon & Company *v.* Daub.

*Practice, C. P.—Trial—Evidence—Province of court and jury.*

There is in every case triable by jury a preliminary question of law for the court, whether or not there is any evidence from which the fact sought to be proved may be fairly inferred; if there is, that is sufficient to send the case to the jury, no matter how strong may be the proofs to the contrary. In deciding this preliminary question the court must of course take the evidence as true with every inference favorable to him who has the burden of proof which a jury may reasonably draw.

In an action to recover commissions on the sale of real estate where the plaintiffs testify that they were employed by defendants to sell property at a certain commission, and that they signed the agreement of sale as agents of the defendant, the evidence is sufficient to submit the case to the jury, although defendant denies that plaintiffs were his agents and avers that they were mere volunteers.

Argued April 8, 1901. Appeal, No. 41, April T., 1901, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1898, No. 383, on verdict for plaintiff in case of Dixon & Company v. Daub. Before RICE, P. J, BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover commissions for the sale of real estate. Before McCLUNG, J.

At the trial it appeared that plaintiffs claimed to recover $600 as commissions on the sale of certain property in the city of Pittsburg. One of the plaintiffs testified that his firm was employed by the defendant to sell certain property near Smithfield street, and that the commissions agreed upon were two per cent. It also appeared that the agreement of sale was signed by plaintiffs as agents. The defendant testified that the plaintiffs were not his agents, but were mere volunteers.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiffs for $671.60. Defendant appealed.

*Error assigned* was in refusing to give binding instructions for defendant.

*W. K. Jennings,* for appellant.—The court should have with-

drawn the case from the jury: Keys v. Johnson, 68 Pa. 42; Twelfth Street Market Company v. Jackson, 102 Pa. 269 ; Addison v. Wanamaker, 185 Pa. 536; Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610.

*J. A. Langfitt,* for appellee.—The case was for the jury: Sidney School Furniture Co. v. Warsaw School District, 122 Pa. 494.

PER CURIAM, May 23, 1901:

The learned counsel for the appellant very properly concedes that the principles of law were accurately and clearly laid down in the charge of the court, but he contends that under all the evidence a verdict should have been directed for his client because the plaintiff's evidence, giving it the most favorable construction, was not sufficient to make out a case of employment, either express or implied, but indicated that he was a mere volunteer who thrust himself into the business, the defendant supposing him to be the agent of the purchaser. The learned judge submitted both branches of this proposition to the jury with the appropriate instruction that if the plaintiff acted as a mere volunteer he could not recover. It may not have been a case where the judge would have been justified in charging the jury that if they believed the testimony of the plaintiff it would be their duty to render a verdict in his favor, and he did not so charge. It was a case, however, where the jury might legitimately draw the inference that the plaintiff was not a mere volunteer but was induced to render the services by the acts and declarations of the defendant. What was in the minds of the parties, that is, what they understood their relation to be, was matter of inference and was for the jury to determine. There is in every case triable by jury a preliminary question of law for the court, whether or not there is any evidence from which the fact sought to be proved may be fairly inferred; if there is, that is sufficient to send the case to the jury, no matter how strong may be the proofs to the contrary. In deciding this preliminary question the court must of course take the evidence as true with every inference favorable to him who has the burden of proof which a jury may reasonably draw: Sidney School Furniture Co. v. Warsaw School Dist., 122 Pa. 494; Menner

v. Delaware & Hudson Canal Co., 7 Pa. Superior Ct. 135.    This is the general rule, and after a careful examination of the evidence we are not convinced that this is one of those exceptional cases to which the doctrine applies, that when the evidence adduced by the plaintiff is so weak, or the evidence adduced by the defendant is so strong that it would be the duty of the court to set aside a verdict in the plaintiff's favor, there is no propriety in submitting it to them.

Judgment affirmed.