## Weitzel *v.* Traders' National Bank, Appellant.

*Banks and banking—Deposit of money in another's account—Payment of note—Notice.*

Where a bank has notice and knowledge that moneys deposited belong to another and are held in the special account for application to the payment of a particular indebtedness of such other person, the bank pays to the depositor at its own risk.

Where a son having no account in a bank deposits a sum of money in his father's account for the purpose of having the money applied to the payment of an outstanding note of his own payable at the bank, and the teller accepts the deposit and agrees to its application, but before the note was presented a year afterwards, and when long over due the father was permitted to draw out the son's money, the bank is liable to the son for the amount which the latter had deposited.

Argued Oct. 10, 1901. Appeal, No. 64, Oct. T., 1901, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1898, No. 64, on verdict for plaintiff in case of E. Boyd Weitzel v. The Traders' National Bank of Scranton. Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter and W. D. Porter, JJ. Affirmed.

Assumpsit on a bank to recover the amount of a special deposit. Before Pennypacker, P. J.

The court charged as follows:

I am asked by counsel upon both sides in this case to give you binding instructions, and I have concluded to do it. There is very little or no dispute as to what are the facts.

[It appears from the testimony of the plaintiff, as well as from the testimony of Mr. Phillips, on the part of the defendant, that the plaintiff here had a note which he had made, coming due upon August 16, 1893, which note was payable at the bank of the defendant. Upon that day he went to the bank with the money, which he supposed was equal to the amount of the note; in fact, it was a dollar more, and there saw the teller, Mr. Phillips, and they agree substantially as to what occurred—that the plaintiff said that he had a note to pay, and he presented the money for that purpose. There is further evidence upon that subject—the deposit slip had on it the memorandum that the moneys, as handed over, were for E. B. W.'s note. The effect of that was, the teller being the officer of the bank who, as he tells us, having the duty to accept deposits, might or might not have taken the deposit presented upon those terms; but having accepted the deposit, he took it upon the terms upon which it was deposited; that it was to be used for the payment of the note, and having so accepted it, it would seem to be the duty of the bank as a matter of trust to apply it in that way.] [2]

There was some confusion, which arose from the fact that he made out a slip describing the moneys as the moneys of his father, Paul R. Weitzel, but it is quite clear that both sides knew that he was depositing moneys for a specific purpose. If they had been moneys of Paul R. Weitzel in the ordinary course of business, the bank book would have been produced.

Mr. Phillips cannot recall exactly what occurred. He thinks that either the book was produced, or that he gave a receipt for it; and Mr. Paul R. Weitzel tells us that he knew nothing about the transaction whatever; but both of the parties at the time (according to the statement of both of them, and they put it quite explicitly) understood that it was the plaintiff who was depositing the moneys, and apparently the name of Paul R. Weitzel was only used as a sort of cover for purposes of expediency because he had an account there. Nor do I see that it would make a great deal of difference. Suppose they had been the moneys of Paul R. Weitzel, and the plaintiff took them there. He took them as the agent of Paul R. Weitzel, and it would be entirely within the power of Paul R. Weitzel to say that those moneys should be applied to a certain specific

purpose, and if the bank accepted them it would be their duty to carry out that purpose.] [3]

[For these reasons I instruct you that if you believe the facts as they appear from the testimony that has been presented, it is your duty to find a verdict for the plaintiff.] [4]

Verdict and judgment for plaintiff for $436.22. Defendant appealed.

*Errors assigned* were (2-4) above instructions, quoting them.

*W. W. Watson,* of *Watson, Diehl & Kemmerer,* with him *William Wilkins Carr,* for appellant.—The moment the money was deposited by E. Boyd Weitzel to the credit of his father, the title to the same vested in the bank and the bank became debtor to that amount to Paul R. Weitzel : German Nat. Bank v. N. S. Foreman, 138 Pa. 474 ; State Nat. Bank of Springfield v. Dodge, 124 U. S. 333 ; 8 Sup. Ct. Rep. 521.

It is settled by authority that the cashier, teller and other employees of a bank possess only such powers as are conferred upon them by the by-laws and by the board of directors.

A teller has no power to bind his bank by a statement that an indorsement on a check is genuine : Walker v. St. Louis Nat. Bank, 5 Mo. App. 214.

The words, " For E. B. W. Note," was no notice to the bank that the money deposited by E. Boyd Weitzel in his father's account was intended by him to be used by the bank to pay a note of E. Boyd Weitzel that might be presented to the bank for payment : State Nat. Bank of Springfield v. Dodge, 124 U. S. 333 ; 8 Sup. Ct. Rep. 521.

*Ormond Rambo,* for appellee.—This general principle of agency has been applied to banks : Hughes v. First Nat. Bank, 110 Pa. 428 ; Bank of Penna. v. Reed, 1 W. & S. 101 ; Williams v. Dorrier, 135 Pa. 445.

It is competent for a depositor to appropriate a fund at the time the deposit is made, or at any time subsequent thereto, and even when the depositor is indebted to the bank on a general account, a special deposit is not applicable to the depositor's debt to the bank : Bank of U. S. v. Macalester, 9 Pa. 475 ;

First Nat. Bank v. Higbee, 109 Pa. 130; National Bank v. Speight, 47 N. Y. 668; Parker v. Hartley, 91 Pa. 465; Commercial Nat. Bank v. Henninger, 105 Pa. 496; German Nat. Bank v. Foreman, 138 Pa. 474; Farmers' & Mechanics'. Nat. Bank v. King, 57 Pa. 202; 1st Nat. Bank v. Bache, 71 Pa. 213; Bank of the Northern Liberties v. Jones, 42 Pa. 536.

Notice of the real ownership of an account acquired by an officer of a bank, in the course of the business of the bank, is notice to the bank: Harrisburg Bank v. Tyler, 3 W. & S. 373; First Nat. Bank v. Peisert, 2 Pennypacker, 277.

Equity will follow a fund through any number of transmutations and preserve it for the owners so long as it can be identified, no matter in whose name the legal right stands. This principle has been applied to deposits in banks: Farmers' & Mechanics' Nat. Bank. v. King, 57 Pa. 202; .First Nat. Bank v. Bache, 71 Pa. 213.

OPINION BY WILLIAM W. PORTER, J., January 21, 1902:

On August 16, 1893, the plaintiff deposited with the teller of the defendant bank the sum of $339.75, to be applied to the payment of an outstanding note of the plaintiff, which was payable at the said bank on or about the date named. The plaintiff having no account in the bank, the money was entered as a credit in the account of the plaintiff's father. That the purpose of the deposit, however, might be clearly understood, upon the deposit slip was written, "For E. B. W. note." The note was not presented for payment for more than a year after maturity. In the mean time, the father of the plaintiff had overdrawn his account and had been permitted by the bank to withdraw his son's money. When the note was presented, the bank declined payment. At or about this time the plaintiff first learned that the note had not been paid. The holder of the note sued the plaintiff and recovered. The plaintiff now sues the bank for damages for failing to hold and apply the money received on deposit, to the discharge of the note. It is contended that the bank is not bound by the act of its teller in accepting the deposit and in agreeing to its application. He was both the receiving and paying teller. As such it was beyond doubt within his power to accept, on behalf of the bank, money on deposit from any customer new or old and to agree that the money so deposited

should be held subject to the order of the depositor. By the by-laws of the bank, the teller was held responsible for all money, property and funds of every description placed in his hands by the cashier, or which otherwise should " come into his possession as teller." He was further required to give bond conditioned for the faithful accounting for and payment of all moneys, property and funds of every description that might come into his hands " by virtue of his office as teller," to the order of the board, " or to such person or persons as may be authorized to demand and receive the same." Clearly if the plaintiff had deposited in his own name the money to meet the note and the teller had accepted the fund for that purpose, the bank would be liable for any application other than that agreed upon. In such case the deposit slip supported by the oral testimony would have bound the bank to the application of the money to the payment of the note, and to that alone. A depositor has full control over his deposit up to the point where the rights of other persons attach. He may draw it out by check. He may apply it to a particular purpose by making it a special deposit or by special directions communicated to the bank: German Nat. Bank v. Foreman, 138 Pa. 474. But the money was deposited in the father's account. The purpose of the deposit, the intended application of the money, and the agreement to apply, were not hereby changed. If the note had been presented before the withdrawal of the money, no one can doubt that the money would have been applied to the payment of the note. This is practically admitted by the testimony. Whether the money was deposited in the father's account at the suggestion of the son, or of the teller, makes little difference. The deposit was accepted by the bank on the terms agreed to by the teller.. The mere fact that it was entered on the books of the bank in the account of the father of the plaintiff, gave the father no rights over it enforceable against the bank. A demand by him for the money would have been met by the assertion of the obligation to apply the money as agreed upon with the son whose money it was. A bank, of course, is justified in paying to a depositor money standing to his credit, if not notified that it belongs to another. But where the bank has notice and knowledge that the moneys belong to another and are held in special account for application to the payment of a particular

620    WEITZEL *v.* NATIONAL BANK, Appellant.

Opinion of the Court—Dissenting Opinion. [18 Pa. Superior Ct.

indebtedness of such other person, the bank pays to the depositor at its own risk: First Nat. Bank v. Bache, 71 Pa. 213; Farmers', etc., Nat. Bank v. King, 57 Pa. 202.

We are of opinion that it was the duty of the bank to hold the money and apply it to the payment of the plaintiff's note, for which purpose alone it was deposited, and that having failed to do so, the bank is liable to the plaintiff for the damages resulting to the plaintiff therefrom.

Judgment affirmed.

RICE, P. J., dissenting:

Binding instructions for the plaintiff must be based on facts which are either admitted or clearly established by undisputed evidence. " When facts are to be found from testimony or inferred from other proved facts or circumstances in the cause, or where general inferences of fact are to be drawn from all the evidence relating to a given question or subject, it is the duty of the jury, and not of the court, to make such findings and draw such inferences and conclusions of fact: " Vandevort v. Wheeling Steel & Iron Co., 194 Pa. 118; Dixon v. Daub, 17 Pa. Superior Ct. 168. In this case the court gave the jury binding instructions to find for the plaintiff. In determining as to this correctness of such instructions, the credibility of the defendant's witness must be admitted, and every fact testified to by him, and every fact which a jury might infer from his testimony must also be admitted.

I cannot assent to the proposition that under his testimony the jury were bound to find that there was an agreement to receive the money as a special deposit, which was violated by the bank in paying it out on the checks of Paul R. Weitzel, notwithstanding the fact that the note was not presented for over a year.

The contract set up by the plaintiff being oral, it was the province of the court to declare what facts were essential to the establishment of such a contract, and the province of the jury to determine what the parties meant. I think a jury might have inferred from the facts testified to by the defendant's witness that the plaintiff's intention was to put the deposit within the control of his father, in whose account he, in effect, directed it to be credited, and that the teller of the defendant

bank so understood the transaction. If so, it seems to me that it would be unjust to compel the bank to bear the loss, and therefore it was error to give binding instructions for the plaintiff.

Judge SMITH authorizes me to say that he concurs in the foregoing conclusions.