Wildoner, Appellant, v. Central Poor District of Luzerne County.

*Poor law—Poor district—Immunity of sovereign state—Negligence of employees and inmates—Firing timber.*

1. Poor districts, acting as public agencies in the performance of functions necessary to the well-being of the government, are invested with the immunity which attaches to the sovereign state, and therefore not liable for the negligence of their officers or employees.

2. A poor district cannot be held liable for a loss of timber destroyed by fire caused by the negligent acts of the inmates of the poorhouse while cleaning land and burning brush on a tract leased by the poor district from plaintiff.

Submitted April 12, 1920. Appeal, No. 141, Jan. T., 1920, by plaintiff, from judgment of C. P. Luzerne Co., May T., 1916, No. 776, on verdict for defendant, in case of Charles B. Wildoner v. Central Poor District of Luzerne County. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for negligent destruction of timber by fire. Before WOODWARD, J.

The opinion of the Supreme Court states the facts.

The trial judge gave binding instructions for defendant, and verdict and judgment were entered accordingly. Plaintiff appealed.

*Error assigned* was, inter alia, in giving binding instructions for defendant.

*James P. Harris, Evan C. Jones* and *B. W. Davis,* for appellant.—This case is ruled by Winnemore v. Phila., 18 Pa. Superior Ct. 625.

*Charles E. Keck* and *W. A. Valentine,* for appellee. ,

OPINION BY MR. JUSTICE KEPHART, May 3, 1920 :

Plaintiff had an interest in a large tract of land in Hunlock Township, Luzerne County, Pennsylvania, 75 acres of which had been cleared for farming purposes; the remainder was timber. The Central Poor District was incorporated by the Act of March 9, 1867, to cover territory then comprised within a number of townships in that county. In 1913, the district leased this tract of land, entered into possession of it, and conducted the business of farming and poultry raising thereon. About a year afterwards a fire swept over the tract, destroying or injuring the timber. Appellant brought an action against defendant to recover damages for the loss sustained through the fire, averring that it was caused by the acts of the inmates of the institution, who were clearing the land and burning brush at one end of the tract, that through their negligence the fire spread and injured a large portion of the timber on the tract. The court below gave binding direction because defendant was a charitable institution and as such it was not liable for the negligent acts of its servants, following our decision in Fire Insurance Patrol v. Boyd, 120 Pa. 624. In this there was no error. See Collins v. Commonwealth, 262 Pa. 572.

The question has been very recently fully examined by the Superior Court and the opinion written by Judge KELLER in Cousins v. Butler County, 73 Pa. Superior Ct. 86, demonstrates the correctness of the view taken by the lower court. Poor districts acting as public

agencies in the performance of functions necessary to the well-being of the government are not to be held liable for the negligence of their officers. The erection of houses for the accommodation of the poor and the maintenance and care of the inmates while lodged in these institutions are particular charges on the respective poor districts or counties, as the case may be. Neither the district nor the county should be held liable for the irresponsible acts of these patients, who at times wander about aimlessly through the surrounding country and whose acts in the great majority of cases are harmless, coming from unbalanced minds. It is a known fact that in the majority of cases in county homes the inmates suffer from this affliction; it would be an enormous burden to saddle on the respective districts responsibility for the acts of these patients. A county, or poor district, acting as a public agency in the performance of governmental functions, is not liable for the negligence of its officers or employees. It is a part of the machinery which constitutes the public system, and it is organized almost exclusively with a view to the policy of the State at large, for the purpose of political organization, civil administration and care of the destitute in matters of finance, of provision for the poor, and especially for the general administration of justice, and it is, therefore, invested with the immunity which attaches to the sovereign state. A distinction exists between the liability of a public corporation acting in its special or corporate capacity in the management of property for its own benefit, and its rights and liabilities as a part of the governmental system endowed with the prerogatives of the sovereign state: Cousins v. Butler County, supra.

The judgment is affirmed.