# Brinton *v.* School District of Shenango Township, Appellant.

*School districts—Municipalities—Negligence—Liability.*

A school district is liable for the negligent performance of a contract which it had made in accordance with the authority conferred by the Act of May 18, 1911, P. L. 309, section 602 (School Code).

A school district leased a building for school purposes and agreed to return the property in as good condition as when received. No rent was to be paid, but any improvements made by the school district were to belong to the plaintiff at the termination of the lease. Evidence was produced to prove that the heating system was defectively and negligently installed by the school district, and that the building was subsequently destroyed by fire, as a result of the defective heating apparatus, and that notice of such defective construction had been given by the plaintiff to the defendant school board several weeks prior to the fire.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

Argued April 18, 1923. Appeal, No. 58, April T., 1923, by defendant, from judgment of C. P. Lawrence Co., Sept. T., 1918, No. 39, on verdict for plaintiff, in the case of Anna C. Brinton v. The School District for the Township of Shenango, Lawrence County, Pennsylvania. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Trespass to recover damages for destruction of building. Before Emery, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $750 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, was in overruling defendant's demurrer and refusal of defendant's motion for judgment non obstante veredicto.

*H. A. Wilkinson,* of *Akens & Wilkinson,* for appellant. —The school district is an agency of the Commonwealth and is, therefore, not liable for the negligence of its officers: Wharton v. School Directors, 42 Pa. 358; School District of Erie v. Fuess, 98 Pa. 600; Ford v. Kendall Borough School District, 121 Pa. 543; Board of Education v. Ransley, 209 Pa. 51; Rosenblit v. Philadelphia, 28 Pa. Superior Ct. 587; Collins v. Com., 262 Pa. 572.

*J. Roy Mercer,* and with him *George T. Weingartner, Robert K. Aiken* and *W. Walter Braham,* for appellee.— The school district, even although it is an agent of the State, is responsible for the contracts which it makes under proper authority: Briegel v. Phila., 135 Pa. 451; Williams v. Board of Commissioners of Kearney County, 61 Kan. 708; 60 Pac. Rep. 1046; Rosenblit v. Philadelphia, 28 Pa. Superior Ct. 587; Worden v. New Bedford, 133 Mass. 23; Dalley v. Watertown, 192 Mass. 116; City of Pekin v. Porter, 120 Fed. 288; Rice v. City of Flint, 67 Mich. 101, 34 N. W. 719.

OPINION BY KELLER, J., July 12, 1923:

It is the settled law in this Commonwealth that the State is not liable for the torts of its officers and employees in the absence of a statute assuming or imposing such liability: Collins v. Com., 262 Pa. 572; and this immunity from liability for the negligence of its officers, etc., extends also to agencies, instrumentalities or subdivisions of the State when in the exercise of public or governmental powers or in the performance of public or governmental duties; as for example, counties: Bucher v. Northumberland County, 209 Pa. 618; Hubbard v. Crawford County, 221 Pa. 438; Cousins v. Butler County, 73 Pa. Superior Ct. 86; poor districts: Wildoner v. Luzerne County Central Poor Dist., 267 Pa. 375; and school districts: Ford v. Kendall Boro. Dist., 121 Pa. 543; Erie School Dist. v. Fuess, 98 Pa. 600; Rosenblit v. Phila., 28 Pa. Superior Ct. 587. This is in

accord with the rule in force in the federal courts and in most of our sister states. See, inter alia, Gibbons v. U. S., 8 Wallace 269; Langford v. U. S., 101 U. S. 341; Hill v. Boston, 122 Mass. 344; Kinnare v. Chicago, 171 Ill. 332, 49 N. E. 536; State v. Board of School Commissioners, 94 Md., 334, 51 Atl. 289; Harris v. Salem School Dist., 72 N. H. 424, 57 Atl. 332; Board of Education v. Volk, 72 Ohio St. 469, 74 N. E. 646; Bank v. Brainard School Dist., 49 Minn. 106, 51 N. W. 814; Lane v. Woodbury Twp. Dist., 58 Iowa 462, 12 N. W. 478; Freel v. School Dist. of Crawfordsville, 142 Ind. 27, 41 N. E. 312. On the other hand, it has been held that this immunity, as respects governmental agencies, does not extend to cases of nuisance, as distinguished from negligence, and "the fact that property is owned and controlled by a municipal or quasi municipal corporation or public charity, does not authorize the owner to maintain upon it a nuisance injurious to surrounding property, nor exempt such owner from liability to one who has suffered special injury from such nuisance": Rosenblit v. Phila., supra, p. 598; Briegel v. Phila., 135 Pa. 451. In such cases the doing of the wrongful act causes direct injury to the property of another outside the limits of the public work: Hill v. Boston, supra, p. 358; not consequential, such as follows a purely negligent act or omission.

When, however, a state agency or instrumentality, authorized to enter into a contract in the performance of its governmental functions or duties, fails to perform, whether negligently or otherwise, that which it has legally agreed to do, there is no public policy which forbids its being required to fulfill its obligations or pay the damages consequent upon its failure to do so: Hagan Lumber Co. v. Duryea School Dist., 277 Pa. 345. Thus in Bostwick v. U. S., 94 U. S. 53, the Supreme Court, (WAITE, C. J.), said: "The United States, when they contract with their citizens, are controlled by the same laws that govern the citizen in that behalf. All obligations which would be implied against citizens under

the same circumstances will be implied against them."
Accordingly, in that case, the United States was held
liable for damages inflicted to trees, shrubbery, etc.,
growing on land leased by the Government for hospital
and camp purposes, negligently done or permitted by its
officers and soldiers; and was relieved of liability for
injury by fire to the dwelling house only because of lack
of proof that the fire was due to the negligence of the
Government's officers, agents, and employees. The im-
plied covenant against voluntary waste applied to the
United States when it entered into a contract for the
lease of lands and rendered the Government liable for
the negligent or tortious acts of its employees and agents
in that behalf. This distinction as to liability for damages
arising out of contracts and those occasioned by a tort
not involving a breach of contract is recognized in Lang-
ford v. U. S., supra; Hill v. U. S., 149 U. S. 593; U. S. v.
Great Falls Mfg. Co., 112 U. S. 645; U. S. v. Jones, 131
U. S. 1, 16, 18; U. S. v. Smith, 94 U. S. 214; and other
cases. See also Kugler v. U. S., 4 Court of Claims 407;
Lovett v. U. S., 9 Court of Claims 479. And in this State
it has been held that a school district which contracts for
the purchase of school furniture must pay for it, even
though it wrongfully refused to accept it; and is liable
in damages for the breach of such a contract the same as
an individual: Sidney School Furniture Co. v. Warsaw
School Dist., 122 Pa. 494.

In Williams v. Board of Commissioners of Kearney
County, 61 Kans. 708, 60 Pac. 1046, the county was held
liable for the negligent destruction by fire of a building
which it had rented from the plaintiff for court-house
purposes, although the general rule as to the nonliability
of the county or like governmental agency for the negli-
gence of its officers and agents, in the absence of a stat-
ute imposing it, is recognized in that state: Board of
Commissioners v. Riggs, 24 Kans. 255; Rock Island Lum-
ber & Mfg. Co. v. Elliott, 59 Kans. 42, 51 Pac. 894; the
court pointing out that the defendant owed the plaintiff

the duty of protecting his building from negligent destruction by reason of the contractual relation it assumed to him when it occupied his premises for its purposes.    The lessee in that case agreed to give up peaceable possession of the leased premises at the expiration of the term "in as good condition as they now are, the usual unavoidable accidents and loss by fire excepted" and covenanted against waste.    Held, it was liable for negligent, as distinguished from accidental, damage by fire.

The present case comes within the exception above noted to the general rule.    It is not a case of pure tort, but of negligent performance of a contract.    The plaintiff leased her building to the defendant for school purposes.    The defendant's authority to make such a contract is expressly conferred by statute: Act of May 18, 1911, P. L. 309, section 602, p. 347.    As a part of the contract of lease the defendant agreed to make such changes as were necessary to fit the building for school purposes, and to return the property in as good shape as when received.    No rent was to be paid, but any improvements made by defendant were to belong to the plaintiff at the termination of the lease.    The finding of the jury, under the charge of the court, establishes as a fact that the heating system was defectively and negligently installed; that the flue was negligently constructed and that the fire which destroyed the leased building resulted therefrom; and the testimony shows that notice of such defective construction and of the likelihood of fire resulting therefrom was given by the plaintiff to the defendant school board several weeks prior to the fire.    In other words, the fire which destroyed the leased building was chargeable to, and was the result of, defendant's negligence.

Under the power given it by statute the defendant might have expressly covenanted in the lease to repair the building and rebuild it in the event of its destruction by casualty, in which event, it would have been obliged

to restore the building if destroyed by casualty, whether the result of negligence or accident: Hoy v. Holt, 91 Pa. 88; Gettysburg Electric Ry. v. Electric L., H. & P. Co., 200 Pa. 372; McKinley v. Jutte, 230 Pa. 122. The agreement in this case was not so broad; it was to return the property in as good shape as when received. Such an agreement binds the lessee to restore the building, or pay the damage, if injured by fire as the result of his negligence, though not, if destroyed by accident without negligence on his part: Darlington v. DeWald, 194 Pa. 305; Kelly v. Duffy, 8 Sadler 214; Bostwick v. U. S., supra, p. 68; Dorr v. Harkness, 49 N. J. L. 571, 10 Atl. 400; Priest v. Foster, 69 Vt. 417, 38 Atl. 78; Tilden v. Tilden, 13 Gray (Mass.) 103; Armstrong v. Maybee, 17 Wash. 24, 48 Pac. 737; Burke v. Pierce, 83 Fed. 95, (certiorari denied, 168 U. S. 711). Even in the absence of an express covenant on the subject the law generally implies a covenant on the part of the lessee so to treat the demised premises that they may revert to the lessor unimpaired except by usual wear and tear, and uninjured by any wilful or negligent act of the lessee: Earle v. Arbogast & Bastian, 180 Pa. 409, 417; Long v. Fitzsimmons, 1 W. & S. 530, 532; Bostwick v. U. S., supra, pp. 66, 68; and this implied covenant extends to the loss of buildings by fire caused by the negligence of the lessee: Earle v. Arbogast, supra; Dorr v. Harkness, supra; Bostwick v. U. S., supra.

As the verdict of the jury fixes the defendant's negligence as the cause of the fire which injured the leased building, we are of opinion that the defendant was bound to repair the damage resulting therefrom to the leased property or pay the loss sustained by the lessor on account thereof.

The plaintiff might have sued in assumpsit on the agreement of lease: Kelly v. Duffy, supra; but was not bound to do so. When special pleading was in force, an action on the case lay as well as covenant, for waste to leased premises: Kinlyside v. Thornton, 2 W. Bl. 1111.

Opinion of the Court. [81 Pa. Superior Ct.

The rule is stated in 1 Chitty on Pleading, p. 154*, "although there be an express contract, still if a common law duty result from the facts, the party may be sued in tort for any neglect or misfeasance in the execution of the contract." Thus for negligence by a common carrier in transporting goods intrusted to it the shipper may at his election bring either an action ex contractu or an action ex delicto: Eckert v. Pa. R. R. Co., 211 Pa. 267. See also, Pittsburgh v. Grier, 22 Pa. 54, p. 65. In the present case the plaintiff's claim was specifically founded on her lease with the defendant and its neglect to exercise due care in its relations growing out thereof, and hence she could bring her action in either assumpsit or trespass.

The assignments of error are overruled and the judgment is affirmed.