# Brinton v. The School District of Shenango Township, Appellant.

*School districts—Government agencies—Immunity of sovereign state—Negligence of employees.*

A school district cannot be held liable for loss of property destroyed by fire, caused by the negligent acts of its officers or employees, where there is no contractual obligation resting upon the defendant district, in behalf of the plaintiff.

Argued April 18, 1923. Appeal, No. 59, April T., 1923, by defendant, from judgment of C. P. Lawrence Co., Sept. T., 1918, No. 40, on verdict for plaintiff in the case of John T. Brinton v. The School District of the Township of Shenango. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for destruction of personal property. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $425 and judgment thereon. Defendant appealed.

*Errors assigned* were in overruling demurrer and refusal of defendant's motion for judgment non obstante veredicto.

*H. A. Wilkinson,* of *Akens & Wilkinson,* for appellant.

*J. Roy Mercer,* and with him *George T. Weingartner, Robert K. Aiken* and *W. Walter Braham,* for appellee.

OPINION BY KELLER, J., July 12, 1923:

This case differs from that of Anna C. Brinton against the same defendant, opinion filed this day, [see preceding case], in that there was no contractual relation between this plaintiff and the common defendant. The negligence here alleged is purely tortious and does not grow out of any contractual obligation resting upon the defendant in behalf of the plaintiff. The case, therefore, falls within the general rule of the nonliability of a school district, or other governmental agency, for the negligence of its officers and employees, discussed at some length in the Anna C. Brinton Case, supra, and requires us to sustain the assignments of error.

The case on its facts is almost on all fours with the very late case of Wildoner v. Luzerne County Central Poor District, 267 Pa. 375. There—the paper-books show—the owner of timber standing on a tract of land leased by the Jessup heirs to the defendant, as a poor farm, sued for damages which he sustained from the burning of his timber by a fire caused by the negligence of those under the control or direction of the defendant poor district, and it was held that as the defendant was acting as a public agency in the performance of governmental functions, it was not liable for

the negligence of its agents, officers or employees. No contractual relations existed between the parties; that is, the poor district was not the plaintiff's tenant. Here, the plaintiff's goods were stored in another part of the building leased by the defendant school district from the plaintiff's mother, Anna C. Brinton, and were destroyed in the same fire that burned her building. But the school district was not this plaintiff's tenant and owed no duty to him growing out of contract. This feature which justified a recovery in the Anna C. Brinton case is lacking here and requires a reversal of the judgment.

The judgment is reversed and is now entered for the defendant.