Wallace, Appellant, *v.* Pittsburgh School District.

Argued October 8, 1934. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. G. Negley,* of *Negley & Negley,* for appellant.

*N. R. Criss* and *J. C. McIlwain,* for appellee, were not heard.

PER CURIAM, November 26, 1934:
This action of trespass was brought against the School District of Pittsburgh by John Wallace to recover damages for personal injuries alleged to have been received as

a consequence of the negligence of the defendant, its servants and agents.

Plaintiff was employed by Frank E. Allen, who had a contract with defendant to remove ashes from various buildings belonging to the school district. The injuries alleged occurred in the course of this work; it is unnecessary to recite the facts in detail. Defendant's affidavit of defense raising questions of law denied there was a sufficient allegation of negligence, and further averred that, even were negligence established, the facts of this case prevent recovery from defendant under the well-known rule that a state agency or public charity is immune from liability for the negligent acts of its agents or employees. Plaintiff, recognizing this general rule, seeks to recover on the ground that a school district may be sued for breach of contract, citing cases, and that his rights arise under the contract between his employer and defendant. As the court below states, the cases cited refer to contracts to which plaintiff was a party and do not apply under the circumstances here presented. In this case, plaintiff was not privy to the contract alleged and could not claim under it. No citation of authorities is needed in support of such a fundamental principle, but Wildoner v. Luzerne Co. Central Poor Dist., 267 Pa. 375, and Brinton v. School District of Shenango Twp., 81 Pa. Superior Ct. 456, are particularly apposite to the present case. The court below properly entered judgment for defendant.

Judgment affirmed.