## Hoffman v. City of Scranton et al.

Before Hoban, P. J., Eagen and Robinson, JJ.

*Everett A. Rosser* and *Alex Marcus*, for plaintiff.

*James W. McNulty*, for defendant.

*Alphonsus Casey*, for additional defendant.

ROBINSON, J., February 15, 1952.—Plaintiff brought this action of trespass against the City of Scranton, as original defendant, to recover for personal injuries allegedly sustained in a fall on a defective sidewalk in front of premises located on the southwesterly corner of Ash Street and Wyoming Avenue in that city. The City of Scranton joined the Scranton School District as an additional defendant, averring that the school district is the owner of the premises involved; that as

such it is primarily responsible for the condition of the walks, and therefore liable over to the city for the cause of action set forth in plaintiff's complaint.

The school district filed preliminary objections to the amended complaint of the City of Scranton alleging that the school district, as additional defendant, is not liable for negligence while acting within the legitimate scope of its governmental functions.

Original defendant's amended complaint avers that the school district is the owner of the premises in question; that on July 19, 1938, it leased the property "commercially" to the Commonwealth of Pennsylvania at a monthly rental of $300; that the school district is responsible as the owner and lessor in that the premises "were leased in a defective condition"; that the premises are used as a district office by the Department of Highways of the Commonwealth; that the Scranton School District has no interest in or relationship to in the use of the premises as leased; that the said premises are completely under the care, control and possession of the lessee, the Commonwealth of Pennsylvania, and that the school district is liable over to the City of Scranton. The lease agreement pleaded in the amended complaint provides that the school district shall make necessary repairs to the premises.

The City of Scranton contends that while acting in a purely corporate or proprietary capacity and outside the scope of its legitimate governmental functions a school district may be held liable for the negligence of its agents, servants and employes, and cites as authority the decision of this court in Hoffman v. Scranton School District, 67 D. & C. 301. There Judge Hoban for this court decided that when a school district operates "for the entertainment of the public, a spectacle attracting 10,000 patrons for pay and accompanied by the usual side line concessionaires characteristic of commercial

sport exploitation" it is engaged in a proprietary and corporate activity without the legitimate scope of the governmental functions of a school district and that while so engaged it may be held liable for negligence.

The principle of that case, however, is not applicable here. The mere act of the school district in leasing one of its buildings to the Commonwealth of Pennsylvania, Department of Highways, at a stipulated monthly rental, for a use in which the lessor has no interest and where the leased premises are completely under the care, control and possession of the lessee, is not an engagement by the district in a corporate or proprietary activity without the legitimate sphere of its governmental functions to the extent that liability may be imposed on it for negligent maintenance of the sidewalks in front of the premises.

" 'A school district is a state agency, performing governmental functions, and while acting within the legitimate scope of these duties, is, generally speaking, not liable for negligence in connection therewith.' Illustrative of this well established rule are: School Dist. v. Fuess, 98 Pa. 600; Ford v. School Dist., 121 Pa. 543, 15 A. 812; Wallace v. School Dist., 316 Pa. 388, 175 A. 411; Brinton v. School Dist., 81 Pa. Superior Ct. 456": Carlo v. Scranton School District, 319 Pa. 417. See also Devlin, executrix, v. Phila. School Dist., 337 Pa. 209; Kesman et al. v. Fallowfield Township School Dist., 345 Pa. 457.

We are of the opinion that the Scranton School District cannot be held liable for the cause of action declared upon in the amended complaint filed by the City of Scranton, original defendant.

Now, February 15, 1952, the preliminary objections to the amended complaint of the City of Scranton are sustained and judgment is entered in favor of the Scranton School District.