DAVID J. BORNSTEIN *vs.* GARRETT A. LANS.

In an action for services in selling an estate for the defendant, it appeared that the defendant told the plaintiff that he would give him a certain sum if he would obtain a purchaser; that the plaintiff, who was not a broker, neither did nor said anything at the time to show that he accepted the offer, but within a few days told J. S. that the defendant wanted to sell, and took him to see, but did not find, the defendant; and that afterwards J. S. bought the estate, but the defendant did not know till after the sale that the plaintiff had done anything to aid it. *Held*, that there was evidence for the jury of a continuing offer, of an acceptance, and of a performance by the plaintiff of the contract thus · formed.

CONTRACT to recover $50 for selling an estate for the defendant. Trial in the superior court, before *Lord*, J., who made a report of the case for the determination of this court, of which the material part was as follows :

" The defendant was owner and keeper of a bar-room which he was desirous of selling; the plaintiff was a salesman in a clothing store, and was in the habit of visiting the defendant's bar-room frequently to purchase liquors ; and on one occasion, when several were present, the defendant said to the plaintiff, ' If you will obtain a purchaser for my place, I will give you $50.' When the defendant made the offer, the plaintiff neither said nor did anything to show to the defendant that he accepted the offer, or would do anything to effect a sale. Within a few days after, the plaintiff told John Bower that the defendant wished to sell, and went with him to see the defendant, but failed to find him. Afterwards Bower found the defendant, and purchased the place for $1200. The defendant did not know till after the sale that the plaintiff informed the purchaser that the defendant desired to sell, and the first information which he

had on the subject was after the sale, when the plaintiff called upon him to pay $50 for finding a purchaser.

" Upon these facts, which were admitted by the parties, I ruled that the plaintiff, not being a broker, and not having in any manner signified his acceptance of the defendant's offer, and the defendant being wholly ignorant that he had done or attempted to do anything to aid in the sale till after the sale was completed, could not recover;" and the jury returned a verdict for the defendant.

*C. Abbott*, for the plaintiff.

*D. F. Crane*, for the defendant.

AMES, J. Upon the facts stated in the report, we think the plaintiff had a sufficient show of evidence to raise a question for the jury. It is true he was not a broker, and he did not in terms accept the defendant's offer, or say that he would attempt to do anything in aid of the proposed sale. That offer on the defendant's part was a mere proposition which he had a right to retract at any time before it had been accepted; but it must be taken, on the facts stated, and as it never was retracted, to have been a continuing offer, somewhat in the nature of an offer of a reward to be paid in a certain contingency. It was also not an absolute, but a conditional offer, and the plaintiff from the nature of the case was at liberty to judge whether he would undertake to fulfil the condition or not. It was a condition which he certainly was not required to fulfil upon the spot. It was an offer which necessarily implies the allowance of a reasonable time for the rendering of the service, and some degree of uncertainty whether the service will be rendered at all. Under the circumstances, the plaintiff could not be expected to promise absolutely to fulfil the condition. The question then would be, Can he show an acceptance of the offer by acts instead of by words? If he heard the offer, and acted upon it, and while it was yet open and unretracted fulfilled its condition, why did it not then become a good and valid contract, between him and the defendant, on a good and valid consideration? The evidence certainly tended to show that, after the offer was made, and in pursuance of it, he sought for and found a person

who was willing to buy; and that he went with that person to the defendant's place of business, for the purpose of putting the party who was inclined to buy in communication with the party who was inclined to sell. This attempt to introduce the two parties to each other was not successful on that day, as the defendant happened not to be at home; but afterwards, and there is nothing in the report to show that it was not the very next day, the intended interview did take place and resulted in a successful negotiation.

The case was evidently tried in the superior court upon the assumption that there was no valid contract between the parties, and that there was a mere proposition on the part of the defendant without any acceptance on the part of the plaintiff, so that their minds never met on the subject matter. But we think that an offer which is in its nature continuous and open for some period of time, and which is also conditional upon an event which may not immediately happen but must at all events be attended with some delay, becomes a valid contract on good consideration, if accepted in fact, and upon the fulfilment of the condition, within a reasonable time and before an actual retraction of the offer. In *Train* v. *Gold*, 5 Pick. 380, 384, the court (Wilde, J.,) say: "Nor is it necessary that the consideration should exist at the time of making the promise, for if the person to whom the promise is made should incur any loss, expense or liability in consequence of the promise, and relying upon it, the promise thereupon becomes obligatory. Thus if A. promises B. to pay him a sum of money if he will do a particular act, and B. does the act, the promise thereupon becomes binding, although B., at the time of the promise, does not engage to do the act. In the intermediate time the obligation of the contract or promise is suspended; for until the performance of the condition of the promise there is no consideration, and the promise is *nudum pactum;* but on the performance of the condition by the promisee, it is clothed with a valid consideration, which relates back to the promise, and it then becomes obligatory." See also *Goward* v. *Waters*, 98 Mass. 596. The converse of the proposition is laid down in *Ball* v. *Newton*, 7

Cush. 599, in which case it was held that a written promise to pay certain fees is not binding and cannot be enforced in favor of a party who rendered the services without any knowledge of or reliance upon such promise.

On these grounds, it appears to us that the case was tried in the superior court upon an erroneous assumption, and was disposed of upon grounds that are not necessarily decisive of its merits.                              *Exceptions sustained.*