Miles Reagle, Newton Reagle, James Reagle, John Reagle, J. W. Bates and Maria Bates, his wife, in right of said wife, Lynus Harnett and Rachel Harnett, his wife, in right of said Wife, Solomon Foust and Barbea, his wife, in right of said wife, *v.* Henry Reagle, Appellant.

*Husband and wife—Deed—Gift.*

A husband may not only convey directly to his wife for a valuable consideration, but he may also convey to her as a gift, when not prejudicial to his creditors.

*Husband and wife—Deed—Adverse possession.*

Where a husband has invested his wife with the title to his land he cannot, while they are living upon the land, have possession adverse to hers or, by the payment of taxes upon it, impair her title to it.

*Husband and wife—Joint occupancy—Act of April 22, 1856.*

The act of April 22, 1856, P. L. 532, is not applicable to a case where a husband has conveyed land to his wife, and subsequently lived on the land with his wife, and paid the taxes thereon.

Argued Oct. 13, 1896. Appeal, No. 93, Oct. T., 1896, by defendant, from judgment of C. P. Mercer Co., Jan. T., 1896, No. 21, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for land in West Salem township. Before MILLER, P. J.

The facts appear by the charge of the court which was as follows :

The controversy in this case is over a tract of land situated in West Salem township, Mercer county, containing fifty-two acres and thirty-two perches, or thereabouts. From the evidence it appears that one Thomas Campbell, on the 25th of November, 1843, made and delivered to John Reagle a deed for a tract of land, containing in its boundaries the land in dispute, which deed was recorded on June 24, 1844, in the proper office in Mercer county. The evidence shows that soon after the making

of this deed John Reagle went into the possession of the land and remained in the occupancy of it until some time in 1882; that while in the occupancy of said land, to wit, on the 14th of May, 1858, he made and executed a deed to Catherine Reagle, his wife, for the land in dispute. This deed was put upon record in the proper office in Mercer county, the 24th of December, 1858. After the date of this deed John Reagle and Catherine Reagle continued to live together as husband and wife and in the occupancy and possession of the land in controversy up until the 16th day of September, 1880, when Mrs. Reagle died. John Reagle continued in the possession of said land after her death, up until some time in 1882, when it seems that the defendant went into possession, or took possession of it in some manner. On the 21st day of October, 1894, John Reagle died intestate and left to survive him eight children. Seven of these eight children are the plaintiffs in this suit, and the defendant, Henry Reagle, is the eighth child; he being in the possession of this land and claiming to own it as his own. The other seven children, who are the plaintiffs in this suit, brought their action of ejectment on the 28th day of September, 1895, to recover the undivided seven eighths of the land. It is contended by the defendant that the deed of John Reagle to Catherine Reagle, being made direct from the husband to the wife, passed no title to her, and that it is incumbent upon her to show that she paid the consideration mentioned in the deed from money belonging to her own separate estate. If this were a controversy between the creditors of John Reagle and Catherine Reagle, or the heirs of Catherine Reagle, that would be true. Then it would be incumbent upon Catherine Reagle, or those claiming under her, to show that she had paid a valuable consideration for the land. But this is a controversy between the children or heirs of John Reagle and Catherine Reagle, and, as between them, we hold that it is not necessary for Catherine Reagle to show affirmatively that she paid any consideration for the land whatever. John Reagle, under the law, could make a deed for this land direct to his wife without any consideration at all. And as to the consideration mentioned in the deed, the $300, the fact that he acknowledged the receipt of that amount in the deed, and the fact that he receipted by his own hand for the amount in the deed, is prima facie evidence of the fact that she

paid for it.   But it is immaterial whether she paid for it or not.
He had a right to make a gift to her not only of the land, but
of the consideration money, and when he conveyed the land to
her, and mentioned the amount of $300 as the consideration, the
deed would be good if she paid him nothing.   If that fact was
proved it would avail nothing; because, not being in debt, and
there being no evidence that this deed was made to cheat,
defraud, hinder or delay any of his creditors, he had a right to
make a gift to her of the purchase money, and therefore in any
aspect of the case the deed from John Reagle to Catherine
Reagle would be good in law.   So then this case stands before
you, from the deed that was offered in evidence by the plain-
tiffs of May 14, 1858 from John Reagle to Catherine Reagle, as
placing the title to the land in controversy in Catherine Reagle.
It was contended by the defendant that in as much as she never
took any actual possession of the land, or exercised any acts of
ownership over it, or publicly proclaimed and announced that
the land was her own, and that more than thirty years having
elapsed since the year 1858, when her right of entry accrued,
and before this suit was brought, that therefore the plaintiffs
cannot recover.   But she was the wife of John Reagle, she was
living with her husband upon the land at the time the deed was
made.   She took all the possession of the land she could take;
she put her deed upon record, which was notice to all persons.
If John Reagle was in court asking to have this deed declared
void because it was made by him direct to the wife, and with-
out any consideration, this court would not aid him.   It is well
settled law that a deed from husband to wife must be taken
most strongly against the husband.   It is a principle of law,
always applied, that a deed made by one to another must be
taken most strongly against the grantor.   So that I say to you
this deed was good, and passed a good title to Catherine Reagle,
and she, having put her deed upon record and remained in pos-
session of the land up until the date of her death, and having
died intestate, the land passed to her heirs.   So the husband
would be entitled to the title by curtesy which gave him abso-
lute ownership and control of the land during his lifetime, and
up until the 21st of October, 1894, when he died.   He had the
right to the use and occupancy of that land against the children
of himself and Catherine Reagle, and no suit could have been

instituted by any one of the children, or all of them, to recover possession of this land until after his death. On his death, the fee having vested in his children on the 16th of September, 1880, her heirs were entitled to this land. Henry Reagle, the defendant, is in possession of the whole of it, and claims the whole of it; the other seven children assert that, as the children and heirs of Catherine Reagle, they are entitled to seven eighths of it.

There being no dispute but that plaintiffs are the seven children of Catherine Reagle, I say to you, that under the deed of John Reagle to Catherine Reagle, heretofore referred to, she having died intestate, and her husband having died the 21st of October, 1894, and this suit not having been brought until September 28, 1895, nearly a year after his death, that the plaintiffs are entitled to recover seven eighths of this land. [You will therefore, under the instructions of the court, render a verdict for the plaintiffs for seven eighths of the land in dispute.] [6]

Verdict and judgment for plaintiffs. Defendant appealed.

*Error assigned* among others was binding instructions for plaintiff.

*L. Kuder*, with him *E. P. Gillespie* and *W. C. Pettit*, for appellant.—When plaintiffs had established their title in a competent manner the defendant was required to enter upon his defense, but not until then. It was necessary for the plaintiffs to show seisin of their ancestor, Catherine Reagle.

Though a deed be invalid to convey title, it may be given in evidence to show the character of the possession where the party relies on the statute of limitations : McCoy v. Dickenson College, 5 S. & R. 254.

In an action of ejectment the tax books and the receipts for the payment of taxes on the land sought to be recovered are evidence : Vastinder v. Wager, 6 Pa. 339 ; McClure v. Jones, 121 Pa. 550.

The act of April 22, 1856, interposes a complete bar to plaintiffs' recovery in this case : Updegrove v. Blum, 117 Pa. 259 ; Hunt v. Wall, 75 Pa. 413 ; Hogg v. Ashman, 83 Pa. 80.

*W. W. Moore*, with him *J. M. Campbell*, for appellees.— When both parties claim under a common source of title,

neither need go farther back than such title: Clark v. Trindle, 52 Pa. 492; Jones v. Bland, 116 Pa. 190.

The recital and receipt in the deed are prima facie evidence of payment of consideration money by the wife. If it were even shown that the husband paid the purchase money, it would not affect her title; the presumption would be that it was intended as a gift from him to her: Thompson v. Allen, 103 Pa. 48; Coates v. Gerlach, 44 Pa. 43; Morris v. Ziegler, 71 Pa. 450; Badell's App., 87 Pa. 510.

The court did not err in holding that the act of April 22, 1856, was not applicable to the case on trial.

Opinion by Mr. Justice McCollum, January 4, 1897:

The parties to this suit are the children of John and Catherine Reagle deceased. The dispute between them relates to the title of the land described in the summons. The plaintiffs claim to have title to an undivided seven eighths of the land, and defendant claims to have title to the whole of it. In 1843 Thomas Campbell conveyed this land to John Reagle who went into possession of it the following spring and subsequently, by deed dated May 14, 1858, and recorded on the 24th of December of that year, he conveyed it to Catherine Reagle, his wife. He and his wife lived upon this land from the time he went into possession of it, as above stated, until her death in September, 1880. That John Reagle had a valid title to the land when he made the deed to his wife is undisputed. That deed, if valid, passed his title to her. The deed recited a consideration of $300, and contained an acknowledgment of the receipt of it. It was not fraudulent as to creditors because the grantor had none. "A husband may not only convey directly to his wife for a valuable consideration, but he may also convey to her as a gift when not prejudicial to his creditors:" Thompson v. Allen, 103 Pa. 48. There can be no doubt that under the decisions of this court applicable to the undisputed facts, the title of John Reagle passed, by his deed of May 14, 1858, to his wife. The deed when recorded was notice of her title, and thenceforth the possession of the land was as effectually hers as if she had owned it when they entered and made their home upon it. The husband having invested his wife with title to the land, could not, while they were living upon it, have a possession adverse

to hers, or, by the payment of taxes upon it impair her title to it. " As the possession of the husband and wife is at best equivocal, neither can rely upon the possession to prove acquisition of title from the other, and a wife can assert her title even to property which she has allowed her husband to have taxed in his own name; and this is because it is the policy of the law to encourage the trust and intimacy of the marriage relation. And there is no such thing as adverse possession as between husband and wife as long as they cohabit:" 9 Am. & Eng. Ency. of Law. 803.

The plaintiffs claim the land as heirs of Catherine Reagle, and the defendant claims it as grantee of John Reagle. But the deed on which the defendant relied was made twenty-four years after John had conveyed the land to Catherine, and when his only interest in it was as tenant by the curtesy. It was a life interest which expired on his death in November, 1894. The defendant offered what purported to be a deed from Catherine Reagle to John Reagle, but as it was, under the well settled law of this state, absolutely void and without effect upon her title, it was properly rejected. He also offered a deed from John and Catherine Reagle to Rachel Reagle which was rejected because it did not include the land in suit.

We agree with the learned court below that the act of April 22, 1856, is not applicable to the facts of this case. We discover no error in the rulings complained of, and we therefore overrule all the specifications.

Judgment affirmed.