211    551
32 SC ²113

## Carpenter *v.* Vulcanite Portland Cement Company, Appellant.

*Contract—Letters—Telegrams—Copy.*

Under the procedure Act of May 25, 1887, P. L. 271, a plaintiff must set out in his declaration the whole of his contract and his proofs will be limited to his allegations. If he has not set out the whole of his contract and his evidence offered in support of his averments, discloses the fact, the evidence will be stricken out as being at variance with the allegations, but a plaintiff is not bound to set out in his declaration all his written evidence and it cannot be said that there has been a variance between the averments and the proofs because the writing offered in support of the contract declared on, also contains words not pleaded if those words do not in themselves alter the meaning of the words pleaded.

In an action of assumpsit plaintiff declared on a contract consisting of an offer by the defendant contained in a telegram. At the trial plaintiffs offered a letter from the defendant of the same date as the telegram, containing a copy of the telegram but with the additional words "letter received." The letter confirmed the telegram. The admission of the letter was objected to on the ground that the copy of the telegram contained in it, differed from that set out in the statement and that it disclosed prior correspondence which plaintiff was bound to set out as a part of the written contract. *Held,* that the letter was properly admitted inasmuch as the words "letter received" did not alter the effect of the defendant's offer.

In such a case the additional words did not in themselves indicate that the letter referred to related to the defendant's offer or even to the same subject.

If the contract declared on and established by the plaintiff was not the whole of the contract between the parties, this was a matter of defense. As long as the plaintiffs' testimony tended to prove the contract they had pleaded and did not disclose any other, the defendant could not complain.

Argued Jan. 17, 1905. Appeal, No. 217, Jan. T., 1904, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1903, No. 415, on verdict for plaintiffs in case of F. A. Carpenter & Co., Limited, v. Vulcanite Portland Cement Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit for breach of contract of sale. Before WILLSON, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $2,890. Defendant appealed.

*Error assigned* was the admission in evidence of the letter quoted in the opinion of the Supreme Court.

*M. Hampton Todd,* for appellant, cited: Wilkinson Mfg. Co. v. Welde, 196 Pa. 508.

*S. G. Birnie,* with him *Francis G. Taylor,* for appellee.

OPINION BY MR. JUSTICE FELL, April 24, 1905:

All questions raised by the testimony and essential to the decision of the case were submitted to the jury by the court in an exceptionally clear and adequate charge. If there was any error at the trial it was in the admission of a single item of written evidence, which was objected to on the ground that it was a part of the contract on which suit was brought, and had not been fully set out in the declaration.

The action was to recover damages for the alleged breach of a contract to sell the plaintiffs 15,000 barrels of cement at a stipulated price. The plaintiffs declared on a contract consisting of an offer by the defendant contained in a telegram dated November 8, 1901, accepted by the plaintiffs by letter. The telegram as set out in the statement was as follows: " We will sell you 15,000 barrels Vulcanite, delivered Hamilton,

Canada, one sixty-one per barrel, three hundred and fifty pounds including freight and duty, in cotton sacks charged extra. The above price is net and does not include any commissions." At the trial the plaintiffs offered in evidence a letter from the defendant dated November 8, 1901, containing a copy of its telegram of the same day and confirming it. The copy of the telegram as contained in the letter was the same as that set out in the plaintiffs' statement, except that in the former were the additional words, " Letter received." The admission of this letter was objected to for the reason that a copy thereof was not filed with the declaration, as required by the procedure act of 1887 ; that the copy of the telegram in the letter differed from the telegram as set out in the declaration, and that the words " Letter received " indicated a previous correspondence which the plaintiffs were bound to set out as a part of the written contract in the case. The objection was overruled, as was also a motion afterwards made to strike the letter from the evidence.

A plaintiff must set out in his declaration the whole of his contract, and his proofs will be limited to his allegations. If he has not set out the whole of his contract and his evidence, offered in support of his averments, discloses this fact, the evidence will be stricken out as being at variance with the allegations. But a plaintiff is not bound to set out in his declaration all his written evidence, and it cannot be said that there has been a variance between the averments and the proofs because the writing offered in support of the contract declared on also contains words not pleaded, if those words do not in themselves alter the meaning of the words pleaded. The words " Letter received " in the telegram of November 8 did not alter the effect of the defendant's offer. They indicated a prior correspondence, but did not in themselves indicate that the letter referred to related to the defendant's offer or even to the same subject.

If the contract declared on and established by the plaintiffs was not the whole of the contract between the parties, this was a matter of defense. As long as the plaintiffs' testimony tended to prove the contract they had pleaded, and did not disclose any other, the defendant could not complain.

The judgment is affirmed.