# Lamb *v.* Prettyman, Appellant.

*Contract—Acceptance—Performance—Notice.*

Where acceptance of a proposition is by a promise, it must presently follow the offer and notice of it be given to the other party. But where acceptance is by act, the mere performance of the act, without notice, concludes the contract.

Where an owner of real estate asks a real estate broker "to get a deal," it is not necessary for the real estate broker to assent in words. If he procures a purchaser he makes a contract by performance.

*Practice, C. P.—Reservation of question of law—Evidence.*

The Act of April 22, 1905, P. L. 286, does not change the rule as to the province of the court and jury. The conflicting testimony and inferences to be drawn from it are for the jury, and not for the court, either at the trial or on the motion for judgment non obstante veredicto.

Argued Oct. 10, 1906. Appeal, No. 79, Oct. T., 1905, by defendant, from judgment of C. P. No. 1, Phila. Co., June. T., 1905, No. 1,731, on verdict for plaintiff in case of Thyele M.

Lamb and Benjamin C. Lamb, copartners, trading as Lamb & Company, v. Charles B. Prettyman.   Before Rice, P. J., Porter, Henderson, Morrison, Orlady and Head, JJ.   Affirmed.

Assumpsit to recover commissions on sale of real estate. Before Brégy, J.

At the trial it appeared that the defendant owned and controlled a number of houses in West Philadelphia, and that he exchanged them for a house at 2112 Spruce street.   The introduction between the defendant and the owners of the Spruce street house was made by one of the plaintiffs.   There was evidence that, prior to the introduction, the defendant mentioned the West Philadelphia houses to the plaintiffs, and asked them to get a deal on the houses.   The defendant denied that he ever employed the plaintiff to act for him.

Verdict and judgment for plaintiff for $1,036.07.   Defendant appealed.

*Error assigned* among others was in refusing to enter judgment upon defendant's motion for judgment non obstante veredicto.

*J. Quincy Hunsicker*, for appellant.—A real estate broker who sues for commissions, must establish his employment, either by previous authority, or by acceptance of his agency, or adoption of his acts: Henderson v. Sonneborn, 30 Pa. Superior Ct. 182; Samuels v. Luckenbach, 205 Pa. 428; Keys v. Johnson, 68 Pa. 42; Earp v. Cummins, 54 Pa. 394.

To establish a contract by acceptance of a proposition, it must appear that the party making the proposition was notified of the acceptance: Johnston v. Fessler, 7 Watts, 48; Shupe v. Galbraith, 32 Pa. 10; East Penna. R. R. Co. v. Hiester, 40 Pa. 53; Powers v. Curtis, 147 Pa. 340; Huber Mfg. Co. v. Smithgall, 19 Pa. Superior Ct. 641.

*Stanley Folz*, with him *Leon H. Folz*, for appellees.—The case was for the jury: Dixon v. Daub, 17 Pa. Superior Ct. 168; Dalmas v. Kemble, 215 Pa. 410.

Acceptance may either be by promise or by act: 9 Cyc. Law & Procedure, 257; Hare, Contracts, p. 304; Weaver v. Wood,

9 Pa. 220; Cooper v. Altimus, 62 Pa. 486; Patton's Exr. v. Hassinger, 69 Pa. 311; Train v. Gold, 22 Mass. 380 at 385; Hoffman v. R. R. Co. 157 Pa. 174.

OPINION BY MORRISON, J., March 5, 1907:

This is an action of assumpsit brought by plaintiffs, licensed real estate brokers, to recover commission on the sale or exchange of real estate of the value of $96,000, by the defendant; the plaintiffs alleging that they were employed by the defendant and that they were instrumental in bringing the seller and buyer together and thus earned 1% on said sum.

The defendant denies the employment and denies his liability to the plaintiffs but we do not understand, from the evidence, that he seriously contends that the plaintiffs rendered him no services at all.

At the trial the defendant's counsel presented seven written points and he has nine assignments of error. A careful reading of the testimony leads us to the conclusion that it was sufficient to carry the question of the defendant's liability, and the amount thereof, to the jury. And that the material questions were submitted to the jury, by the learned court, in a clear and adequate charge which is free from reversible error. The burden of the defendant's contention is that there was not sufficient evidence of a contract between the parties. Whether or not the defendant agreed and was liable to pay the plaintiffs 1% on the $96,000, was a question of fact for the jury. If the evidence was not entirely precise on this point, it was sufficient to permit a jury to draw a legitimate inference that there was a contract and that the plaintiffs performed their part of it, and earned the amount claimed.

This case, under its evidence, is ruled by Dixon and Co. v. Daub, 17 Pa. Superior Ct. 168, where we said: "It was a case, however, where the jury might legitimately draw the inference that the plaintiff was not a mere volunteer but was induced to render the services by the acts and declarations of the defendant. What was in the minds of the parties, that is, what they understood their relation to be, was matter of inference and was for the jury to determine." In that case we also said: "There is in every case triable by jury a preliminary question of law for the court, whether or not there is any evidence from

which the fact sought to be proved may be fairly inferred; if there is, that is sufficient to send the case to the jury, no matter how strong may be the proofs to the contrary. In deciding this preliminary question the court must of course take the evidence as true, with every inference favorable to him who has the burden of proof which a jury may reasonably draw : Sidney School Furniture Co. v. Warsaw School District, 122 Pa. 494, etc."

The Act of April 22, 1905, P. L. 286, does not change the rule as to the province of the court and jury. The conflicting testimony and inferences to be drawn from it were for the jury, and not for the court, either at the trial or on the motion for judgment non obstante veredicto : Delmas, Appellant, v. Kemble, 215 Pa. 410 ; see also Reel v. Elder, 62 Pa. 308.

The counsel for defendant contends that when Prettyman asked Lamb " to get a deal," Lamb did not agree to do so and therefore there was no contract. The answer to this is that it was not necessary for Lamb to say in words that he would act ; he could make it a contract by performance, and there is evidence that he did procure a party to deal with the defendant. Where acceptance of a proposition is by a promise, it must presently follow the offer and notice of it be given to the other party. But where acceptance is by act, the mere performance of the act, without notice, concludes the contract. The present is the case of an acceptance by the performance of an act : 9 Cyc. Law and Procedure, 270 ; Hare on Contracts, 304 ; Weaver v. Wood, 9 Pa. 220 (GIBSON, C. J.) ; Patton's Executor v. Hassinger, 69 Pa. 311.

In Bornstein v. Lans, 104 Mass. 214, we find a case upon this point which is practically identical in principle with the present case.

We find nothing in the assignments of error calling for special notice, except the ninth. The court substantially charged the jury, in the general charge, as requested in the seventh point (ninth assignment), and then answered said point in the negative. If the learned court had read this point to the jury and refused it, the jury might have been in grave doubt as to whether they should follow the instruction in the charge or in the point and answer. But we conclude that the seventh point was not read to the jury, but that it was answered and filed pro forma.

The learned court said to the jury :  " I have stated in my general charge as fully as occasion requires, therefore I will consider them declined, except as answered in the general charge." This we think prevented the jury from being misled by the refusal of the seventh point and that no harm was done to the defendant by its refusal.   Again the court said to the jury : " Declinations are made to most of the points, because they have been answered in the general charge."

We think the able counsel for defendant underestimates the value of the testimony tending to show the contract between the parties, and the circumstances surrounding the transactions giving rise to the plaintiff's claim.

The case was well tried and the record is free of reversible error.

The assignments of error are all dismissed and the judgment is affirmed.