# Gillan *v.* West, Appellant.

*Husband and wife—Actions—Promissory note.*

1. A wife cannot bring suit upon a promissory note against her husband during coverture.

2. In an action by the administrator of a married woman against the husband of the deceased on a promissory note, it is proper to exclude the period of the wife's coverture in ascertaining the time at which the presumption of payment upon the note arose.

Argued March 6, 1911. Appeal, No. 270, Jan. T., 1910, by defendant, from judgment of C. P. Franklin Co., Sept. T., 1909, No. 101, on verdict for plaintiff in case of Arthur W. Gillan, Administrator of Clara A. Funk, deceased, v. Thomas H. West, Guardian of Jacob R. Funk. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Assumpsit on a promissory note under seal. Before KOOSER, P. J., specially presiding.

At the trial it appeared that Clara A. Funk and Jacob R. Funk were husband and wife, and that the latter made the note in suit, dated April 1, 1881, in the sum of $3,500, payable to Clara A. Funk. Mrs. Funk died on April 13, 1893. In December, 1906, Jacob R. Funk was adjudged a weak-minded person and Thomas H. West was appointed his guardian. The action was brought on June 11, 1909. There was evidence that Mr. and Mrs. Funk lived together until the wife's death.

Plaintiff presented this point:

If the jury believe from the evidence that plaintiff's intestate, Clara A. Funk, was the wife of Jacob R. Funk, the ward of the defendant, from the date of the note sued on, April 1, 1881, until April 13, 1893, the date of her death, then, under all the evidence in the case, your verdict should be for the plaintiff. *Answer:* We affirm that point. [1]

Defendant presented this point:

That under all the evidence in this case the verdict must be for the defendant. *Answer:* This point we decline to affirm. [2]

Verdict and judgment for plaintiff for $9,530.50. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Walter K. Sharpe,* with him *O. C. Bowers, W. T. Omwake* and *Irvin C. Elder,* for appellant, cited: Peters's App., 106 Pa. 340; Hess v. Frankenfield, 106 Pa. 440.

*Charles Walter,* of *Walter & Gillan,* with him *D. Watson Rowe,* for appellee, cited: Small v. Small, 129 Pa. 366; Foulk v. Brown, 2 Watts, 209; Fidelity Title & Trust Co. v. Chapman, 226 Pa. 312; Cannon v. Hileman, 229 Pa. 414; Marsteller v. Marsteller, 93 Pa. 350; Riner v. Riner, 166 Pa. 617; Amole's App., 115 Pa. 356.

OPINION BY MR. JUSTICE POTTER, May 23, 1911:

The substantial question raised by this appeal is as to the right of the wife to bring suit upon a promissory note against her husband during coverture. This question was distinctly answered in the negative in Small v. Small, 129 Pa. 366. And the ruling was followed in Kennedy v. Knight, 174 Pa. 408, where it was said in an opinion approved by this court, that on the authority of Small v. Small, supra, the principle that a married woman cannot bring suit against her husband while they are living to-

gether, is to be regarded as firmly established. It was also held in the same case that the statute of limitations does not run against the claim of the wife during coverture. In the Act of June 8, 1893, P. L. 344, sec. 3, it is expressly provided, that a married woman may not sue her husband, except "in proceedings for divorce, or in a proceeding to protect or recover her separate property whensoever he may have deserted or separated himself from her without sufficient cause, or may have neglected or refused to support her." As the present case falls within none of these exceptions the trial judge was entirely right in excluding the period of the wife's coverture, in ascertaining the time at which the presumption of payment upon the note in question arose. The assignment of error is overruled, and the judgment is affirmed.