# Humbert *v.* Colonial Trust Co., Admr., Appellant.

*Decedents' estates—Contract—Services — Evidence — Case for jury.*

In an action against an administrator, where plaintiff sets up a parol contract between herself and decedent, by which the latter agreed to leave her his entire estate in consideration of her "boarding, lodging, nursing and caring for him during the remainder of his life," the case is for the jury, where plaintiff shows performance of the contract, and clear proof of its existence.

Argued October 18, 1920. Appeal, No. 160, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1918, No. 1464, on verdict for plaintiff in case of Sarah J. Humbert v. Colonial Trust Co., Admr., of estate of John Humbert, deceased. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit on a contract for services. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $9,360. Defendant appealed.

*Errors assigned,* among others, were (1) refusal of binding instructions for defendant; (2) refusal of de-

fendant's motion for judgment n. o. v., and (3) entry of judgment on verdict, quoting the record.

*A. W. Henderson,* with him *F. C. Houston,* for appellant.

*Rody P. Marshall,* with him *Meredith R. Marshall* and *Harry Weisberger,* for appellee.

PER CURIAM, December 31, 1920:

This action was instituted to recover from the estate of John Humbert, deceased, what the plaintiff alleges is due her under an oral contract with him, by which, as she avers in her statement of claim, "he agreed that in consideration of plaintiff's boarding, lodging, nursing and caring for him during the remainder of his life he would make a will whereby he would leave to plaintiff his entire estate which consisted of real and personal property." There was proof of performance by the plaintiff, and the trial resulted in a verdict in her favor. On this appeal from the judgment entered on it, the main complaint of the appellant is that the case ought not to have been submitted to the jury, because the proof necessary to sustain plaintiff's case did not measure up to the law's requirement. A sufficient and proper answer to this is to be found in the following from the opinion denying the motions for a new trial and for judgment non obstante veredicto: "Testimony was heard at considerable length, which, if believed, was ample to establish her right to recover, not necessarily the sum claimed, but reasonable compensation. Evidence was offered by defendant which was sufficient to warrant the jury in finding against plaintiff, and had the verdict been adverse to her we would not have granted a new trial. Defendant's requests for instructions respecting the evidence necessary to support alleged contracts of the character here pleaded were affirmed and the jury instructed that the contract alleged should be closely

scanned; that 'it must be sustained, if sustained at all, by very clear proof,' and that 'the burden rested upon plaintiff to sustain her claim by evidence which, tested by the rule stated, meets its requirements.'" The case as presented by the plaintiff was for the jury, and the first, second, and third assignments are overruled. Nothing in the remaining six calls for a retrial, and the judgment is affirmed.