## Lineaweaver's Estate.

*Husband and wife—Contract—Agreement for support of wife— Claim against husband's estate—Evidence.*

1. A claim by a wife against her deceased husband's estate, based on a contract which he had failed to keep, must be established by direct and positive proof of the contract, and is not to be sustained where resting solely upon loose declarations of a decedent apparently recognizing the existence of some obligation.

2. The determination reached by the court below as to the presence of the necessary testimony is entitled ordinarily to the same weight as that accorded to the verdict of a jury.

3. If, however, proof adequate to establish the claim is shown by the record, a finding to the contrary by the court below will not be sustained.

4. A contract between a husband and wife by which a husband agreed to keep alive a life insurance policy for the benefit of his wife, is established, where the evidence in support of it is the uncontradicted testimony of the wife's attorney, a disinterested witness, supported by the proof of declarations of the decedent as to having made the contract, with no material evidence offered by the husband's estate against the claim.

*Statute of limitations — Husband and wife — Claim by wife against husband's estate—Separation—Acts of June 8, 1893, P. L. 344, and March 27, 1913, P. L. 14.*

5. Where a contract is made between a husband and wife while they are living apart under an amicable separation and the husband is contributing to his wife's support, and by the terms of the contract the husband is to keep alive a policy of insurance on his own life for his wife's benefit, the statute of limitations does not begin to run against the wife until the husband's death.

*Contract—Acceptance—Performance—Completion of contract.*

6. While it is generally true that notice of acceptance of an offer is necessary to complete a contract, this is not the case where

the offeror requests an act in return for his promise, and the act is performed.

7. In such case the fulfillment of that which is stipulated for is the best proof of assent, and no notice need be given of acceptance.

*Contract—Consideration—Husband and wife—Separation.*

8. An agreement between husband and wife to separate,—when this condition has taken place or there is expectation that it will immediately take place,—is binding, and will be enforced against both parties, where fair and reasonable.

9. If the offer of the husband is induced not only by the moral and legal obligation to support his wife, but also by the desire to avoid litigation, there is ample consideration for the contract.

*Decedents' estates—Claim against, by wife—Sworn statement by wife—Pleading—Amendment.*

10. Where a wife claims against her husband's estate for breach of a contract to keep alive an insurance policy for her benefit, a sworn statement submitted by the wife to the administrator is not a pleading, but, even if it should be considered a formal statement of claim, it would be amendable so as to set forth correctly the facts established.


Argued October 2, 1925. Appeal, No. 117, March T., 1925, by Martha L. Lineaweaver, from decree of O. C. Allegheny Co., May T., 1924, No. 196, dismissing exceptions to adjudication, in estate of Henry E. Lineaweaver. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Exceptions to adjudication of TRIMBLE, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Martha L. Lineaweaver, wife of decedent, appealed:

*Error assigned* was, inter alia, decree, quoting bill of exceptions.


*W. T. Tredway*, for appellant.—The court erred in refusing the $25,000 claim of Martha L. Lineaweaver, under a contract made by her husband in his lifetime, to

keep up a policy of that amount, but which he failed and neglected to do.

The statute of limitations does not operate between husband and wife, first, because it is against public policy to encourage litigation between them, and, second, because married women are especially excepted from the operation of the act.

On a valid contract between husband and wife, the statute of limitations does not bar a suit against a husband's executors until six years after discoverture by his death: Dougherty v. Snyder, 15 S. & R. 84.

The statute does not begin to run against the heirs of a feme covert until the death of her surviving husband: Miltenberger v. Croyle, 27 Pa. 170; Towers v. Hagner, 3 Wheaton 48; Kutz's App., 40 Pa. 90; Peterman v. Mullen, 13 W. N. C. 13; Hicks's Est., 7 Pa. Superior Ct. 274; Kennedy v. Knight, 174 Pa. 408; Eilman's Est., 17 York Co. R. 149; Gracie's Est., 158 Pa. 521; Lahr's App., 90 Pa. 507; Curtis v. Curtis, 200 Pa. 255; Gillan v. West, 232 Pa. 74.

*Wm. E. Hague,* for Prudence M. Lineaweaver.—There was no clear and satisfactory proof of the alleged agreement: Donohoe's Est., 271 Pa. 554; Burgess v. Burgess, 109 Pa. 312; Heffner's Est., 134 Pa. 436; Hause v. Gilger, 52 Pa. 412; Lahr's App., 90 Pa. 507.

The facts and attending circumstances are inconsistent with the alleged agreement: Hani v. Ins. Co., 197 Pa. 276; Zimmerman v. Streeper, 75 Pa. 147.

The claim is barred by laches or limitations, the husband and wife not having lived together since March, 1911: Morrish v. Morrish, 262 Pa. 192; Orr v. Orr, 22 Pa. Dist. R. 887; Yocum's Est., 242 Pa. 82; Hicks's Est., 7 Pa. Superior Ct. 274; Gillan v. West, 232 Pa. 74.

*Carl E. Glock* and *Reed, Smith, Shaw & McClay,* for Union Trust Company of Pittsburgh, administrator.

OPINION BY MR. JUSTICE SADLER, November 23, 1925:

Henry E. Lineaweaver died September 7, 1923, intestate, and was survived by his widow, Martha. For several years they had been separated and lived apart, support of the wife having been voluntarily furnished by the husband. A claim was presented by her to the administrator of the estate asking for an award of a certain sum alleged to be due by reason of a failure of the decedent to comply with a contract, said to have been made in 1915, agreeing that a stipulated sum should be paid monthly for her support, and a policy of insurance on his life carried to the amount of $25,000, so that provision for maintenance after his decease would be assured. The cash payments provided for were made until the time of his death, but the policy had been allowed to lapse, and was not in force when he died. The failure to comply with the alleged agreement, as to the latter feature, furnishes the basis for the present demand. After hearing and rehearing, an allowance was refused, on the ground that sufficient proof of the contract had not been presented, and, further, if made, lacked consideration. It was also first held that a recovery could not be had because the statute of limitations had intervened, but this position was not asserted in the last opinion filed. Mrs. Lineaweaver has appealed from the decree entered.

It is undoubtedly true that claims of the character here in question must be established by direct and positive proof (Humbert v. Colonial Trust Co., 269 Pa. 132; Gross's Est., 284 Pa. 73), and are not to be sustained where resting solely upon loose declarations of a decedent apparently recognizing the existence of some obligation: Donohoe's Est., 271 Pa. 554: Heffner's Est., 134 Pa. 436; Reynolds v. Williams, 282 Pa. 148. The determination finally reached in the court below as to the presence of the necessary testimony is entitled ordinarily to the same weight as that accorded to the verdict of a jury. "When challenged [however], on ap-

peal, such findings must be supported by sufficient evidence......; [this] is our language in many cases..... and where we have said such findings will not be disturbed when supported by evidence, sufficient evidence [or evidence adequate in law] was necessarily implied, for a finding not based thereon is an error in law which can and should be corrected. Furthermore, where the case turns upon reasoning or inferences to be drawn from the facts, the trial court's conclusions are always open to review": Hamilton v. Fay, 283 Pa. 175, 178. If proof adequate to establish the claim is shown by the record, a finding to the contrary by the court below will not be sustained: Levi's Est., 224 Pa. 233.

In the instant case, the evidence of the contract rested largely upon the testimony of Mr. Marshall, a reputable member of the Allegheny County Bar. In substance, he testified to calling on the decedent several times at the end of 1914, and the first half of 1915, at the solicitation of Mrs. Lineaweaver, who was dissatisfied with the amount being paid her for support. She had under consideration the institution of legal proceedings to secure an increased allowance, and the attorney so advised the husband. After conferences, the latter offered to continue the payment of the same sum as formerly given, and, so that provision would be made for her maintenance after his death, agreed to continue, for her use, a life insurance policy, in the sum of $25,000, then in force, and in which she was named as beneficiary. Upon counsel's demurring to the arrangement because of the possibility that future payment of premiums might not be made, and the policy therefore lapse, Lineaweaver agreed that he would keep the same effective until his death, and that insurance to this amount would then be payable to his wife. This understanding was satisfactory to counsel, and he advised, in writing, the acceptance of the terms, which the wife finally agreed to. In pursuance of the offer, the monthly allowances were made and confirmed by a subsequent statement to the

attorney by the husband, and were admittedly continued to the date of his death.

There is no suggestion that Marshall was not a competent, credible and disinterested witness. Nor is there a contradiction of the statements made by him, except as to his denial that certain receipts were shown to him in Lineaweaver's office by the stenographer, and her statement that the matter of insurance was not discussed at the interview testified to, though she admitted, at one point in her testimony, all that was then said might not have been heard. A careful examination of the record convinces us that the evidence largely relied on by the claimant was not in any way impeached. Further, a second disinterested witness testified to subsequent declarations by the decedent, which corroborated Mr. Marshall in his statement of the terms of the contract entered into. Later, Mrs. Lineaweaver learned that the policy had been transferred to another as trustee, and thereupon sent counsel to interview her husband, so that her interests might be protected, indicating her belief that such provision was to be made. No material evidence was offered by the estate, except proof that the monthly payments were made until the time of death, that the beneficiary in the policy had been changed, and the insurance subsequently allowed to lapse.

The learned court below was impressed with the merits of the claim of the wife, but refused an award, in the first instance, on the ground that the claim was barred by the statute of limitations, the alleged contract having been entered into in 1915, and the demand upon the administrator following the death in 1923, but this position was not maintained when the final adjudication was filed. In answer to that suggestion, it may be said there was no power in the wife to sue until it appeared that the agreement had been broken by the failure to have in force at death a policy to the amount of $25,000 for her benefit. Though the one in existence in 1915 was cancelled, yet a new contract of insurance could have been obtained,

for the fund was not to be available until that event occurred, and it was then the right of action accrued: Marsteller v. Marsteller, 93 Pa. 350; Tonkin v. Baum, 114 Pa. 414. Furthermore, this contract was between husband and wife, and the statute did not begin to run until the decease of the one to be charged. We are not unmindful of the fact that certain exceptions are made by the so-called Married Woman's Acts of 1893 (June 8, P. L. 344, section 3), and 1913 (March 27, P. L. 14), and that suit may be brought by one spouse against the other, but this case does not fall within those named, for there had been no desertion, the separation being amicable; nor had there been a failure to support, since, by agreement, the sum of $150 was paid monthly: Gillan v. West, 232 Pa. 74; Morrish v. Morrish, 262 Pa. 192. Hicks's Est., 7 Pa. Superior Ct. 274, relied upon by the appellee, held that the legislation referred to broadened the power of the wife to maintain an action, and decided that a suit could be maintained against a third party notwithstanding coverture, but did not declare that like litigation could be instituted against the husband, unless under circumstances specially provided for.

It is further said that the contract in this case was not complete. The attorney, acting for the wife, conducted the negotiations with the husband, and secured the best settlement he believed to be possible. This he communicated in writing to the wife, and she agreed to accept, though, as far as the record shows, no formal notification of this fact was given. It is to be observed that the wife refrained from instituting proceedings for support, as had been threatened, and, in addition, accepted the monthly allowance specified by the terms of the contract until the time of death, though a larger sum had been demanded. "It is often said that notice of acceptance is necessary for the completion of a contract, but it is not true, and never has been true, as a general proposition, that, where an offeror requests an act in return for his promise, and the act is performed, that notice

to the offeror of the performance is necessary to create a contract": 1 Williston on Contracts 117. "An acceptance of an offer may be by act, as where an offer is made that the offeror will pay or do something else, if the offeree shall do a particular thing. In such a case, performance is the only thing needful to complete the agreement and to create a binding promise": 13 C. J. 275. The fulfillment of that which is stipulated for is the best proof of assent, and notice need not be given of acceptance, unless the circumstances are such that the one to be bound cannot inform himself by inquiry (Hoffman v. B. & S. R. R. Co., 157 Pa. 174), and will be implied if an affirmative intention is shown by the conduct which followed: Person & Riegel Co. v. Lipps, 219 Pa. 99; Lamb v. Prettyman, 33 Pa. Superior Ct. 190. The suggested defect cannot defeat the claim of the wife in view of the circumstances appearing here.

But it is urged, there was no proof of consideration for the making of the contract. The authorities are uniform in holding that agreements to separate—made when this condition has arisen, or in expectation that it will immediately take place,—are binding, and will be enforced as against both parties, where fair and reasonable: Scott's Est., 147 Pa. 102; Burkholder's App., 105 Pa. 31; Frank's Est., 195 Pa. 26; Singer's Est., 233 Pa. 55; Fennell's Est., 207 Pa. 309. In the present case, the offer made was induced not only by the moral and legal obligation of support for the wife, but by the desire of the decedent to avoid litigation. This furnishes ample consideration, as would an agreement to withdraw such proceedings if already instituted: Snyder v. Snyder, 57 Pa. Superior Ct. 575.

Again, it is said that sworn proof of the claim presented to the administrator negatived the existence of an understanding such as was attempted to be established. The statement, offered by defendant, set forth a promise to keep up the insurance at the time the wife joined with her husband in the execution of a deed for

certain property owned by him. The testimony at the hearing showed the arrangement to have been consummated in 1915, and the undertaking referred to in the paper filed with the personal representative indicated that there had been, at the time mentioned, an approval of the understanding entered into, and the giving of further assurance that the agreement made with Mr. Marshall would be carried out. It is to be noticed that the document presented,—sworn to, though not legally required: Hahnlin's App., 45 Pa. 343,—was not a pleading. Even if the affidavit could have been treated as a formal statement of claim, it would have been amendable, to correctly set forth the facts as established at the hearing: Davis v. Shenandoah Borough, 273 Pa. 501; Gail v. Phila., 273 Pa. 275; McKane v. Phila., 78 Pa. Superior Ct. 168. The only result which the offer of this paper could have would be to affect the credibility of the wife by showing a shifting of the basis of her demand: Scheer v. Melville, 279 Pa. 401; Frill v. Frill, 275 Pa. 325. The statements contained were not at variance with the proof of the contract originally made, as testified to by Marshall without contradiction, and indicated rather a ratification of it, and no new cause of action was set up: Carpenter v. Vulcanite Cement Co., 211 Pa. 551; Ketcham v. Central Trust Company, 71 Pa. Superior Ct. 376; Tarentum Lumber Co. v. Marvin, 61 Pa. Superior Ct. 294. Nor can we see any significance in the fact that a second attorney, one Ache, was sent by the wife to see the husband in 1916, when she learned that the insurance had been transferred to another. It was the proper thing for her to do, and if her counsel spoke of support at that time, it cannot be inferred, as suggested below, that it was an indication that no former arrangement had been made or recognized.

As we view the record, the contract was sufficiently established by a disinterested and reputable witness, corroborated by the declarations of the decedent to another, and by the fact of compliance with the terms of pay-

ment agreed upon, continuing during his lifetime. The promised provision for support after death was natural, and there was consideration for the making of it. The claimant was entitled to a fulfillment of the terms of the undertaking. Since the policy was permitted to lapse, her only recompense is an allowance for the loss sustained, and a money award in her favor, and this is hereby sanctioned.

The decree is reversed with a procedendo, the claim of appellant to be allowed; costs to be paid by the estate.