From S. D. Gettig, Bellefonte, Pa.

## Long, Administrator, v. Barnet et al.

*Oliver G. Lentz*, for defendants and rule.

*Samuel E. Bertolet* and *Charles K. Derr*, contra.

SCHAEFFER, P. J., Dec. 2, 1929.—To the *scire facias sur* mortgage caused to be issued by the plaintiff, certain defendants claiming as real owners have filed their affidavit of defense. The trial resulted in a verdict for the plaintiff. The only question is whether or not the defendants' motion for binding instructions should have been granted on the ground that plaintiff's action is barred by the statute of limitations.

The mortgage, dated and acknowledged on Sept. 4, 1890, was given by Cyrus Barnet, obligor, to Jonathan Klopp, mortgagee, "in trust and for the use of Maria Barnet, the wife of the obligor of the other part," for the payment of the sum of $2800, "on the first day of April, 1898, without interest, unless the said obligor should sooner depart this life, when the same, upon the happening of which event, shall become immediately payable." The testimony disclosed that Jonathan Klopp, the trustee, died April 5, 1897, and there was no evidence of the appointment of another trustee. There is also testimony that Cyrus Barnet and Maria Barnet lived together until the date of the former's death, which occurred on March 16, 1914. Maria Barnet died Feb. 20, 1916, and letters were thereupon issued to the plaintiff here. This action was begun in January, 1929. The credibility of this testimony was submitted to the jury, who returned a verdict for the plaintiff.

The trust created by the mortgage was purely passive. No duty devolved upon the trustee. By the terms of the instrument the mortgage was without interest. The mortgage would have been equally valid had it been taken in

the name of Maria Barnet, individually, without the intervention of a trustee: Thompson v. Allen, 103 Pa. 44; Reagle v. Reagle, 179 Pa. 89. The trust was not necessary to preserve any contingent interests, nor for the accomplishment of any object of the creator of the trust: Barnett's Appeal, 46 Pa. 392. "The true test is whether a court of equity in Pennsylvania would decree a conveyance of the legal title:" Rife v. Geyer, 59 Pa. 393, 396; Carmichael v. Thompson, 8 Sadler, 120, 125. Furthermore, the trustee died before the date of the maturity of the mortgage, and there was no duty devolving upon any one to appoint a new trustee.

This being so, the statute of limitations certainly did not begin to run against the wife before the passage of the Act of March 27, 1913, P. L. 14, which for the first time gave to a married woman, living with her husband, the right to sue her husband in a proceeding to protect or to recover her separate property. Prior to said act such suit could not have been brought by the wife against the husband with whom she was living: Gillan v. West, 232 Pa. 74, and it would seem, although we are not called upon to decide, that, since the Act of 1913, statutes of limitation as well as presumptions or estoppels by lapse of time are not permitted, upon grounds of public policy, to operate upon the claims of a wife living with her husband against the latter. In our case Mr. and Mrs. Barnet lived together until the death of the former in 1914, and we are of the opinion that the statute of limitations did not begin to run before that date.

And now, to wit, Dec. 2, 1929, the rule for judgment n. o. v. is discharged.