Jackson v. Jackson

*Rudolf M. Wertime* for plaintiff.
*Robert P. Shoemaker*, for defendant.

SHUGHART, P. J. (Ninth Judicial District) Specially Presiding, January 20, 1968.—This action is assumpsit involves a suit by a wife against her husband to recover moneys allegedly lent or advanced to the husband during the marriage. The pleadings do not aver the date of the marriage and it is difficult to tell whether the loan was made before or after the marriage took place. A stipulation entered at the pretrial conference on September 23, 1967, discloses that the parties were husband and wife at the time the suit was instituted and are still married to each other.

In the motion for judgment on the pleadings, defendant contends that since the marriage between the parties is still in existence, the wife is barred from maintaining the suit.

Counsel for defendant relies upon the case of Gillan v. West, 232 Pa. 74 (1911). In that case, it appeared that one Clara and Jacob Funk were husband and wife, and the latter executed a note in favor of his wife, Clara, on April 1, 1881, in the sum of $3,500. Mrs. Funk died on April 13, 1893. In December of 1906, Jacob was adjudged weakminded and West was appointed his guardian. Gillan, as the personal representative of Clara, brought suit against West on the note on June 11, 1909. The evidence disclosed that Mr. and Mrs. Funk had lived together as husband and wife until the death of the wife. The question before the court was whether the statute of limitations ran against the claim of the wife during coverture. The

court held that it did not, and judgment for plaintiff was affirmed. In the opinion, the court held that based on the decisions in Small v. Small, 129 Pa. 366, and Kennedy v. Knight, 174 Pa. 408, a married woman could not bring suit against her husband while they were living together, and, therefore, the statute of limitations did not run against the claim of a wife during coverture. The Small case was decided in 1889, prior to the enactment of the Married Women's Property Act of 1893. The Kennedy case was decided in 1896; it also involved the tolling of the statute of limitations during coverture. The husband in that case died in January of 1892, and the wife died September 9, 1892, or prior to the effective date of the Act of 1893, and in the opinion of the court, at page 410, the court specifically said: "In the case at bar we are not concerned with the Act of 1893". It is apparent, therefore, that both decisions relied on in the Gillan case were decided prior to the Act of 1893.

Section 3 of the Act of June 8, 1893, P. L. 344, is quoted in part in the Gillan case, at page 76, as follows:

". . . it is expressly provided, that a married woman may not sue her husband, except 'in proceedings for divorce, or in a proceeding to protect or recover her separate property *whensoever he may have deserted or separated himself from her without sufficient cause, or may have neglected or refused to support her.*' As the present case falls within none of these exceptions the trial judge was entirely right in excluding the period of the wife's coverture, in ascertaining the time at which the presumption of payment upon the note in question arose". (Italics supplied.)

In the Gillan case, therefore, the court recognized that the Act of 1893 did extend the right of a wife to bring suit against her husband, but only in cases where there was desertion or separation without cause or neglect or refusal to support. None of these excep-

tions was present in the Gillan case. The Act of 1893 was amended by the Act of March 27, 1913, P. L. 14, 48 PS §111. As amended, the act provides generally that a married woman may sue and be sued civilly in all respects as an unmarried person ". . . but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property, nor may he sue her . . ."

An examination of the statutes reveals that by the amendment in 1913, the following clause appearing in the Act of 1893 was deleted: ". . . whensoever he may desert or separate himself from her without sufficient cause or may have neglected or refused to support her". It is clear, therefore, that had the Gillan case arisen under the Act of 1913 instead of the Act of 1893, the result would have been different.

Our research has revealed that neither the Kennedy nor the Small case has been cited in any recent opinion, and the only cases citing the Gillan case, Morrish v. Morrish, 262 Pa. 194, 202, and Lineaweaver's Estate, 284 Pa. 384, 390, do not cite it for the proposition involved before us here.

No case has been cited to us, nor has our own research revealed any, in which a suit, such as the one herein involved, was maintained by a wife against her husband. However, in Turner v. Turner, 169 Pa. Superior Ct. 120, a suit by a wife against her husband in assumpsit to recover payments made to a third person for repairs and improvements to premises owned by the husband out of her separate funds was approved. Significantly, in that case, the court said, at page 122:

"Appellee admits 'that if the money in question had been paid directly to the husband by the wife under promise to repay . . . the present suit would be valid,' but contends that 'a wife may not sue to recover property which the husband never had in his possession' ".

In Adler v. Adler, 171 Pa. Superior Ct. 508, a deserted wife was permitted to maintain an action in assumpsit against her husband to recover funds expended by her out of her separate estate for the support, maintenance and necessaries for herself and her children. If a wife can maintain an action against her husband for funds expended by her for the benefit of her husband, she certainly should be able to maintain a suit against him to recover moneys loaned directly to him. The impediments to this suit have all been removed by the Act of 1913, supra, and we conclude, therefore, that there is nothing to bar plaintiff-wife from maintaining the action against her husband.

### ORDER OF COURT

And now, January 20, 1968, after careful consideration of the pleadings, the briefs and oral argument, defendant's motion for judgment on the pleadings is overruled.